In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3952

Steve R. Hansen,

Plaintiff-Appellant,

v.

William J. Henderson, Postmaster General,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern
Division.
No. 97 C 3672--Matthew F. Kennelly, Judge.

Argued August 9, 2000--Decided November 15,
2000

Before Posner, Ripple, and Williams,
Circuit Judges.

Posner, Circuit Judge.  Hansen, a mail
carrier working out of the Glenview,
Illinois post office, sued the Postal
Service for failure to accommodate his
disability, in violation of the
Rehabilitation Act, 29 U.S.C. sec.sec.
701 et seq. A bench trial resulted in a
judgment for the defendant.

Hansen's work involved first sorting
mail for about 4 hours while standing and
bending over to pick up the mail to be
sorted from piles on the floor or on low
shelves; then placing the mail in cases
or trays weighing 10 to 15 pounds each
and wheeling or carrying the cases to a
mail truck and loading them onto the
truck; and finally delivering the mail:
sometimes by parking at the end of a
block and walking from house to house
carrying the mail for the block in a sack
(this is called "park and loop"
delivery); sometimes by driving the truck
to the entrance of a business and either
leaving the mail for the business there
or wheeling or carrying it inside
("dismount" delivery); and sometimes by

placing the mail in mailboxes located along the road, without having to get out of the truck at all ("curbline" delivery).

A herniated disc conceded to be a disabling injury within the meaning of the Rehabilitation Act prevented Hansen from doing his job. Hansen asked his postmaster, Slickenmeyer, for a job that would not require him to walk. The Glenview post office does have a few such jobs, but they were filled and Hansen does not claim that his disability entitled him to bounce any of the incumbents from their jobs. Slickenmeyer inquired of the other post offices in his district on Hansen's behalf but they had no vacancies in nonwalking jobs either. He also inquired of Hansen's union but it had no suggestions and so Hansen, unable by his own account to perform a mail carrier's duties as configured by the Postal Service, was let go.

He complains that Slickenmeyer should have explored with him the possibility of restructuring his existing job so that it would not involve walking, bending, or heavy lifting. For example, if all he had had to do was case (not sort or load) the mail and deliver it curbside, he would not have had to do any significant walking or lifting. He argues that Slickenmeyer had created such light-duty jobs for other disabled workers and that Slickenmeyer should have done that for him too. The district judge found Slickenmeyer to be an entirely credible witness, and concluded that Slickenmeyer had done everything reasonably possible to find a job for Hansen in the Postal Service that Hansen could perform, given his back problem.

When as in this case the disabled worker has communicated his disability to his employer and asked for an accommodation so that he can continue working, the employer has the burden of exploring with the worker the possibility of a reasonable accommodation. E.g., Gile v. United Airlines, Inc., 213 F.3d 365, 373 (7th Cir. 2000); Taylor v. Phoenixville School District, 184 F.3d 296, 311-20 (3d Cir. 1999). Failure to engage in this "interactive process" cannot give rise to a claim for relief, however, if the employer can show that no reasonable accommodation was possible. E.g., Rehling

v. City of Chicago, 207 F.3d 1009, 1016 (7th Cir. 2000); Donahue v. Consolidated Rail Corp., 224 F.3d 226, 233-35 (3d Cir. 2000); Willis v. Conopco, Inc., 108 F.3d 282, 285 (11th Cir. 1997) (per curiam). For then the breakdown of the interactive process would be academic. That is what the Postal Service tried to show here, and the district judge, whose findings we can reverse only if we find them to be clearly erroneous, concluded that the Service had carried its burden of persuasion.

Slickenmeyer had indeed created "light duty" jobs in the Glenview post office for several other disabled employees. Apparently these are jobs that Hansen could have performed notwithstanding his disability, and apparently there were similar jobs in other post offices. And reassignment of a disabled worker to a job on the employer's roster that the worker's disability does not prevent him from performing is a legitimate form of accommodation, as we noted in our recent decision in EEOC v. Humiston-Keeling, Inc., No. 99-3281, 2000 WL 1310519 (7th Cir. Sept. 19, 2000). But all those jobs were filled. There were no vacancies in the district, and Hansen does not contend that he would have been willing to move out of the district to find a suitable postal job. The Postal Service was not required to bounce one of the incumbents in the light-duty jobs to make way for Hansen, whether or not the incumbents were as disabled as Hansen, or for that matter disabled at all, e.g., Pond v. Michelin North America, Inc., 183 F.3d 592, 595 (7th Cir. 1999); Baert v. Euclid Beverage, Ltd., 149 F.3d 626, 632 (7th Cir. 1998); Willis v. Pacific Maritime Ass'n, 162 F.3d 561, 567 (9th Cir. 1998), unless they had been put into those jobs to block Hansen, which is not argued. Firing a worker to make a place for a disabled worker is not a reasonable accommodation of the worker's disability. Wooten v. Farmland Foods, 58 F.3d 382, 386 (8th Cir. 1995). Nor must the employer manufacture a job that will enable the disabled worker to work despite his disability. E.g., Baert v. Euclid Beverage, Ltd., supra, 149 F.3d at 632; Gile v. United Airlines, Inc., 95 F.3d 492, 499 (7th Cir. 1996); Smith v. Midland Brake, Inc., 180 F.3d 1154, 1174 (10th Cir. 1999). That is, redundant staffing is not a reasonable

accommodation. See Sieberns v. Wal-Mart Stores, Inc., 125 F.3d 1019, 1022 (7th Cir. 1997); Fjellestad v. Pizza Hut of America, Inc., 188 F.3d 944, 950 (8th Cir. 1999). This implies, though we cannot find a case, that the worker cannot demand that his employer give him a job for which there is no vacancy without shifting the worker who has that job to another job in order to create a vacancy for the disabled worker.

The job that Hansen would like would be a job in which another worker does the sorting, then gives Hansen the mail to case, and then when Hansen has done that carries the cases to the truck, and Hansen then makes just curbside deliveries. (Presumably, then, the sorting would involve sorting only mail for curbside delivery into Hansen's mail cases.) Two new jobs would have to be manufactured, one for Hansen and one for his helper. The Act does not require that. All it requires, so far as bears on this case (and setting aside the possibility of reassignment to a lighter job not here available), is that the employer either clear away obstacles to the disabled worker's doing his job or provide facilities (such as wheelchair access) that enables the worker to do the job. When thus accommodated the worker must be able to do the job as configured by the employer, not his own conception of the job. See, e.g., Malabarba v. Chicago Tribune Co., 149 F.3d 690, 698-700 (7th Cir. 1998); Sieberns v. Wal-Mart Stores, Inc., supra, 125 F.3d at 1022; Cochrum v. Old Ben Coal Co., 102 F.3d 908, 913 (7th Cir. 1996); Fjellestad v. Pizza Hut of America, Inc., supra, 188 F.3d at 950; Moritz v. Frontier Airlines, Inc., 147 F.3d 784, 788 (8th Cir. 1998). The design of the job is a prerogative of management; the law "does not require a lowering of standards." Fink v. New York City Dept. of Personnel, 53 F.3d 565, 567 (2d Cir. 1995). Having credited Slickenmeyer's testimony that there were no vacancies in jobs that Hansen could perform, the district judge could not have gone on to find that Hansen had rebutted this testimony by inventing a job that he could have performed for the Postal Service. That is not proper rebuttal. The judgment in favor of the defendant must therefore be

Affirmed.