**Thomas J. MCRAE, Plaintiff–Appellant,**

v.

**John E. POTTER, Defendant–Appellee.**

No. 02–2281.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 11, 2002.*

Decided Sept. 11, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argu-

Before COFFEY, EASTERBROOK, MANION, Circuit Judges.

### ORDER

Thomas McRae brought this action against the United States Postal Service, alleging discrimination based on disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* The district court granted the Postal Service's motion

for summary judgment, and McRae appeals. We affirm.

McRae began work as a letter carrier at the Bellwood, Illinois Post Office in 1988. In October 1995 McRae tore a ligament in his left knee and was assigned to temporary light duty. While in physical therapy, he discovered that he had degenerative arthritis in his injured knee. Both McRae's physician and a Postal Service physician recommended that McRae be shifted from his letter carrier position to a clerk position because his degenerative joint disease would prevent him from kneeling and climbing stairs. In June 1996 McRae requested a permanent light duty assignment or appointment to a clerk position; neither was available at Bellwood. Bellwood Postmaster Russell Raymond denied McRae's request for permanent light duty status but requested assistance from the Postal Service's Northern Illinois district office in identifying clerk vacancies at other facilities. On September 4, 1996, Raymond initiated the "interactive process," required by the Rehabilitation Act, through which an employer and a disabled employee cooperate in seeking a reasonable accommodation. He provided McRae with a list of 45 postal stations that had one or more clerk vacancies, gave him a telephone directory so that he could make calls during working hours, and told him that he was responsible for finding a vacant clerk position for himself. Raymond informed McRae by letter that he had until October 25, 1996, to secure a new position or be terminated for being unable to perform his job.

With the help of his union representative, McRae began calling the post offices on the list provided by Raymond. But McRae did not get very far in his search.

---

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See*

Fed. R.App. P. 34(a)(2).

On September 11, 1996, another letter carrier at Bellwood told McRae's supervisor, Ralph Atchue, that McRae was pointing his fingers, making gunshot noises, and threatening to "shoot all of the white rednecks." McRae was called to Raymond's office the next morning and, when McRae showed up for the meeting, Raymond asked him if he had any weapons with him. McRae took offense, declared that his entire body was a weapon, and told Raymond and Atchue that he had been singing a Tupac Shakur song with the lyrics "Bang, bang, shoot them up," not threatening his fellow employees. McRae then screamed obscenities at Raymond and Atchue, prompting Raymond to order him out of the building. Raymond placed McRae on emergency off-duty status and referred him to the Postal Service medical unit for a psychiatric evaluation. Psychiatrist Dr. Marvin Schwarz examined McRae and consulted personnel files that contained complaints from co-workers about past instances of McRae's menacing and inappropriate behavior. He concluded that McRae was psychiatrically unfit for duty.

On December 3, 1996, Raymond and Atchue issued a notice of removal to McRae, citing his physical inability to perform his work as a letter carrier and his failure to secure a clerk position at another postal facility. The notice also informed McRae that he was psychiatrically unfit for duty and that he would remain in his current leave-without-pay status until an effective date of removal was set. McRae filed a grievance, and in June 1997 the Postal Service reached a pre-arbitration settlement with the union, agreeing to rescind the notice of removal if McRae filed for disability retirement within seven days. McRae did not apply for disability retirement, and on June 25, 1997, Raymond and Atchue issued a second notice of removal to McRae, this time on the basis of his psychiatric unfitness for duty. McRae

filed suit in district court, and the court granted summary judgment for the Postal Service, finding that, once McRae threatened his co-workers, he ceased to be a "qualified individual" under the Rehabilitation Act.

On appeal McRae argues that the district court erred in granting summary judgment for the Postal Service because the Postal Service failed to engage in the "interactive process" required by the Rehabilitation Act. 29 C.F.R. § 1630.2(*o*)(3); *Ozlowski v. Henderson*, 237 F.3d 837, 840 (7th Cir.2001). The employer bears the burden of exploring with a disabled employee the possibility of a reasonable accommodation through this interactive process. *Hansen v. Henderson*, 233 F.3d 521, 523 (7th Cir.2000). McRae suggests that the Postal Service refused to participate in the interactive process and instead saddled him with the "entire burden" of identifying a reasonable accommodation. But the Postal Service did interact with McRae in good faith: Raymond contacted the Northern Illinois district office for a list of post offices with vacant clerk positions, and he allowed McRae to phone these post offices while on duty. McRae does not explain how Raymond could have provided more assistance.

McRae was placed on off-duty status before an accommodation could be reached, but this was McRae's fault not the Postal Service's. McRae thwarted the Postal Service's efforts to accommodate him by engaging in intimidating behavior that necessitated removing him from the workplace, and the Postal Service cannot be held liable for McRae's disruption of the interactive process. *See Baert v. Euclid*, 149 F.3d 626, 633–34 (7th Cir.1998).

The Postal Service's statutory duty to reasonably accommodate McRae ended when McRae threatened his co-workers

and superiors. *Palmer v. Circuit Court of Cook County,* 117 F.3d 351, 353 (7th Cir. 1997). The Rehabilitation Act "protects only 'qualified' employees, that is, employees qualified to do the job for which they were hired; and threatening other employees disqualifies one." *Id.* at 352. An employer is not required to retain a potentially violent employee, even one with a disability. *Id.* As the district court explained, McRae's behavior and Dr. Schwarz's psychiatric evaluation supplied the Postal Service sufficient reason to believe that McRae could commit violence.

AFFIRMED.