# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3268

_____

| | | |
|---|---|---|
| Robin L. Miller, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| City of Springfield; Richard R. Haymes; | * | Western District of Missouri. |
| Nora Duncan, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 17, 1998
Filed: June 24, 1998

_____

Before McMILLIAN, BOWMAN,[1] and MURPHY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Robin Miller sued the City of Springfield, Missouri and two of its employees alleging that she was denied employment as a police recruit on the basis of her sex, in violation of Title VII, 42 U.S.C. §§ 2000e to 2000e-17 (1994), and because she was regarded as having a disability, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213 (1994). After Miller presented her evidence, the

---

[1]The Honorable Pasco M. Bowman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 18, 1998.

District Court[2] granted judgment as a matter of law in favor of the defendants. Miller appeals only her claim based on the ADA.

## I.

Miller had been a police officer for ten years for the City of Pasadena, Texas. In 1990, Miller moved to Springfield, Missouri. She was newly married and her husband's family needed assistance with their cattle ranch in Springfield. As soon as she arrived, Miller applied to the Springfield Police Department to be a police officer. To be accepted as a police recruit, an applicant must pass various tests. Miller failed the agility test and, as a result, was denied employment as a police recruit. Miller applied to the department a second time and again failed the agility test. In the interim, Miller had applied for and had accepted a position as a telecommunicator for the Springfield Emergency Communications Department.

By 1993, Miller had divorced and was living on her former in-laws' cattle ranch. In that year, Miller applied for the position of police officer again. This time Miller passed the agility test but on the MMPI-2, a psychological test which is designed in part to measure depression, she scored a sixty-six, indicating above-normal depression. Based on the results of the MMPI-2, Miller was denied employment as a police recruit. Miller then filed the instant action.

## II.

We review the grant of a judgment as a matter of law de novo, applying the same standards used by the district court. See Heintzelman v. Runyon, 120 F.3d 143, 145 (8th Cir. 1997) (per curiam). Judgment as a matter of law is proper when "a party has

---

[2]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1).

A.

The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). To establish a claim under the ADA, a plaintiff must show that she is disabled within the meaning of the Act; that she "is qualified to perform the essential functions of the job," either with or without reasonable accommodations; and that she "has suffered adverse employment action because of [the] disability." Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112 (8th Cir. 1995). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Miller first claims that the defendants regarded her as having a mental impairment and that she therefore was disabled within the meaning of the Act.

"Read in conjunction with subsection (A), subsection (C) prescribes that a person is considered disabled for purposes of the ADA if that person is 'regarded as having' an impairment that 'substantially limits' a 'major life activit[y].'" Wooten v. Farmland Foods, 58 F.3d 382, 385 (8th Cir. 1995) (quoting 42 U.S.C. § 12102(2)(A), (C)). The regulations implementing the ADA include working in the definition of major life activities, see 29 C.F.R. § 1630.2(i) (1997), which, if "regarded as substantially limited by an impairment," qualifies an individual as disabled. See Wooten, 58 F.3d at 385. A finding that a plaintiff is substantially limited in working requires a showing that her overall employment opportunities are limited. See Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1319 (8th Cir. 1996). Thus, the employer would have to regard her as limited in that capacity. "The inability to perform a single,

-3-

particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i) (1997).

The District Court concluded that Miller presented no evidence that the defendants regarded Miller as disabled in any manner. The court pointed to the fact that Miller was employed by the city as a dispatcher at the time she applied the third time to be a police officer and continued to be employed by the city for about a year after that rejection. The defendants therefore could not have regarded Miller as substantially limited in the major life activity of working because she was working for the city at the time.

In response, Miller suggests that, because she considered police work to be more that just a job to her, the denial of employment as a police officer was a substantial limitation in <u>her</u> major life activity of working. As the District Court correctly pointed out, however, working does not mean working at a particular job of the person's choice. We agree with the District Court's reasoning and conclude that the result is consistent with the law of this Circuit. <u>See</u> <u>Smith v. City of Des Moines, Iowa</u>, 99 F.3d 1466, 1474 (8th Cir. 1996) (affirming summary judgment for defendant and reasoning that "the city regarded [plaintiff] as unable to perform the duties of a firefighter" but noting that there was no evidence "that the city believed he was unable to perform other jobs"); <u>Wooten</u>, 58 F.3d at 386 (affirming summary judgment for an employer where plaintiff was held not disabled within the meaning of the ADA because his impairments "only appeared to prevent him from performing a narrow range" of jobs); <u>see also</u> <u>Daley v. Koch</u>, 892 F.2d 212, 215 (2nd Cir. 1989) ("Being declared unsuitable for the particular position of police officer is not a substantial limitation of a major life activity.") (Rehabilitation Act case).

B.

Miller next claims that the District Court erred by taking from the jury the issue of whether the defendants discriminated against her by requiring her to achieve a certain score on the MMPI-2. Miller claims she was "screened out" in violation of the ADA on the basis of her psychological evaluation results. 29 C.F.R. § 1630.14(b)(3) (1997) provides:

> Medical examinations conducted in accordance with this section do not have to be job-related and consistent with business necessity. However, if certain criteria are used to screen out an employee or employees with disabilities as a result of such an examination or inquiry, the exclusionary criteria must be job-related and consistent with business necessity . . . .

We point out that Miller is not disabled under the Act. She therefore cannot base a claim of discrimination on this regulation because she was not screened out on the basis any disability. In any event, we easily conclude that appropriate psychological screening is job-related and consistent with business necessity where the selection of individuals to train for the position of police officer is concerned.

III.

We affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.