# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-1985

———————

Molly Barzen,                                    *
                                                 *
        Appellant,                     *
                                                 *  Appeal from the United States
    v.                                 *  District Court for the
                                                 *  District of Minnesota.
Carlson Companies, Inc.                          *
                                                 *       [UNPUBLISHED]
        Appellee.                      *

———————

Submitted:  March 1, 1999
Filed:  March 5, 1999

———————

Before RICHARD S. ARNOLD, WOLLMAN, and BEAM, Circuit Judges.

———————

PER CURIAM.

Molly Barzen appeals from the district court's[1] grant of summary judgment to her former employer, Carlson Companies, Inc. (Carlson),[2] in this employment

———————

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

[2]Carlson argues Barzen's action should be dismissed because she named only the parent company for which she never worked instead of her actual employer, Carlson Travel Group. As the district court declined to address this issue, we also will not do so. See Daisy Mfg. Co. v. NCR Corp., 29 F.3d 389, 395 (8th Cir. 1994). Therefore, throughout this opinion, we will use "Carlson" to refer interchangeably to

discrimination action under the American with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213.  Upon de novo review, see Kneibert v. Thomson Newspapers, Mich., Inc., 129 F.3d 444, 451 (8th Cir. 1997), we affirm.

Barzen, then Carlson's Director of Network Services, was involved in an automobile accident on a business trip in January 1992.  She was treated and released, but soon began to feel disoriented.  When she returned to work, she experienced panic attacks and could not complete projects.  Later that year, a neurologist diagnosed her as having a closed-head injury, and she was placed on a paid medical leave of absence from the end of July until September during which time she obtained treatment and improved.  She also received workers' compensation benefits from March until September for a 10% permanent partial disability.  Barzen returned to work in September, and in February 1994, her supervisor wrote in a performance evaluation that Barzen was no longer experiencing problems as a result of her injury. In the latter half of 1994, as a result of reorganization within Carlson, Barzen began to report to a different supervisor, Matt Manley, who thought Barzen was underperforming; the reorganization also resulted in an increase in Barzen's work load and work pressures.  Around this time, Barzen began re-experiencing panic attacks, and suffering from depression and loss of sleep.

In February 1995, Barzen's psychologist wrote Manley to inform him that Barzen would be commencing a medical leave of absence due in part to the January 1992 accident.  Barzen's psychologist certified that Barzen could return to work so long as she no longer reported to Manley, was given enough time to complete projects, and was not subjected to undue pressure.  In September 1995, Barzen filed a claim with the Equal Employment Opportunity Commission (EEOC) asserting sex and disability discrimination.  In connection with another workers' compensation proceeding, two doctors testified that Barzen's injury impaired her ability to function

the parent company or any of its subsidiaries for which Barzen worked.

-2-

on her job.  While she was on leave, Carlson sent Barzen job postings to assist her in finding another position within Carlson.  Barzen, however, was unsuccessful in doing so and continued on leave until she was terminated in April 1996.

To succeed on her ADA claim, Barzen had to show that she had a disability within the meaning of the ADA, see Hennnenfent v. Mid Dakota Clinic, P.C., 164 F.3d 419, 421-22 (8th Cir. 1998), i.e., that a physical or mental impairment "substantially limit[ed]" at least one of her "major life activities," that she was regarded as having such an impairment, or that she had a record of such an impairment, see 42 U.S.C. § 12102(2)(A)-(C).

The district court concluded that Barzen failed to demonstrate she was substantially limited in her ability to perform any major life activity.  We agree, because Barzen failed to show her injury prevented her from performing a broad class of jobs as compared to the average person possessing comparable training, skills, and abilities.  See 29 C.F.R. § 1630.2(i) (1998) (defining "major life activities"); Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1206 (8th Cir. 1997) (defining "substantially limits"; inability to perform single particular job does not constitute substantial limitation in major life activity of working); Weiler v. Household Finance Corp., 101 F.3d 519, 524-25 (7th Cir. 1996) (inability to work under certain supervisor does not substantially limit major life activity); cf. Rogers v. International Marine Terminals, Inc., 87 F.3d 755, 759 (5th Cir. 1996) (existence of 13% permanent partial disability did not demonstrate plaintiff was substantially impaired from performing major life activity).

Barzen also argued at her summary judgment hearing, and reasserts on appeal, that she is disabled because Carlson regarded her as having an impairment that substantially limited her ability to work.  In particular, Barzen points to Carlson's grant of medical leave, and its statements in a letter she received while on leave that she appeared incapable of performing her position.  Upon review of the record,

however, we cannot say that Barzen has made a showing sufficient to survive summary judgment that Carlson regarded her as being "disabled." See Miller v. City of Springfield, 146 F.3d 612, 615 (8th Cir. 1998) (employer must regard employee's overall employment opportunities as being limited, and not simply as being unable to perform job of choice); cf. Cody v. Cigna Healthcare, Inc., 139 F.3d 595, 598-99 (8th Cir. 1998) (offer of paid medical leave to employee did not demonstrate employer regarded employee as disabled).[3]

We conclude the district court properly granted Carlson summary judgment on Barzen's ADA retaliation claim, as she produced no evidence linking either Carlson's decision to discharge her, or its refusal to hire her in other position, to her EEOC charge. See Feltmann v. Sieben, 108 F.3d 970, 977 (8th Cir. 1997) (termination six months after incident insufficient to support causal connection in retaliation claim); cf. Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (speculative and conclusory allegations cannot support retaliation claim). Finally, Barzen argues that Carlson breached a "contract" under which Carlson promised to send her job postings for a period of time; like the district court, we conclude no contract was formed because consideration is lacking. See Chalmers v. Kanawyer, 544 N.W.2d 795, 798 (Minn. Ct. App. 1995).

Accordingly, we affirm.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]We note Barzen has not argued that she has a record of impairment.

-4-