# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1765

_____

Edward Streifel,

      Appellant,

v.

Dakota Boys Ranch Association,

      Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of North Dakota.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: May 2, 2000
Filed: May 9, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Edward Streifel appeals the District Court's[1] judgment in favor of Dakota Boys Ranch Association (Ranch) following a bench trial on his failure-to-hire claim under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213 (1994 & Supp. III 1997). For reversal, Streifel argues the District Court erred in concluding that he was not disabled by osteoarthritis and that Ranch did not regard him as disabled.

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

Having carefully considered the record, we conclude judgment in favor of Ranch was proper. To establish a prima facie case under the ADA, Streifel had to show he was disabled within the meaning of the ADA, was qualified to perform the essential functions of the position with or without accommodation, and suffered an adverse employment action because of the disability. See Fjellestad v. Pizza Hut of Am., Inc., 188 F.3d 944, 948 (8th Cir. 1999). Under the ADA, disability means "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (1994).

We conclude Streifel failed to demonstrate that he had an impairment substantially limiting a major life activity–in this case, either walking or working. Streifel testified to being able to do whatever physical activities he wanted, including walking several miles, climbing three flights of stairs, and dragging deer after successful hunts. Although he also testified he often experienced pain after engaging in these activities, this moderate limitation does not constitute a "disability" under the ADA. See Weber v. Strippit, Inc., 186 F.3d 907, 914 (8th Cir. 1999) (moderate limitations on major life activities, such as difficulty walking long distances or climbing stairs without getting fatigued, do not suffice to constitute "disability" under ADA), cert. denied, 120 S. Ct. 794 (2000). In addition, Streifel did not show that he was substantially limited in the major life activity of working, as it is undisputed that he was working with troubled juveniles when he interviewed with Ranch. Cf. Berg v. Norand Corp., 169 F.3d 1140, 1145 (8th Cir.) (finding no substantial limitation where, subsequent to her termination, plaintiff found similar employment and admitted to having never been unemployed), cert. denied, 120 S. Ct. 174 (1999).

We also conclude Streifel failed to demonstrate that Ranch regarded him as disabled. Streifel admitted he was probably not stiff and sore at the time of the interview and did not recall having a limp. Moreover, even assuming as true that the Ranch interviewer told Streifel that he appeared incapable of performing the physical

requirements of the child-care-worker position because of his condition, we conclude this would not show that the interviewer regarded Streifel as disabled. See Miller v. City of Springfield, 146 F.3d 612, 614-15 (8th Cir. 1998) (employer must regard plaintiff's overall employment opportunities as being limited, and not simply regard plaintiff as being unable to perform job of choice). We further note it is undisputed that the interviewer recognized, and was favorably impressed by, Streifel's experience in working with juveniles. Cf. Smith v. City of Des Moines, 99 F.3d 1466, 1474 (8th Cir. 1996) (rejecting "regarded as" claim where plaintiff did not suggest employer believed he was unable to perform other jobs and presented no evidence to support that proposition).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.