**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2957
_____

MICHAEL COOK,
                                        Appellant

v.

CITY OF PHILADELPHIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil Action No. 2-14-cv-05842)
District Judge:  Honorable Mark A. Kearney

_____

Submitted under Third Circuit LAR 34.1(a)
on April 29, 2016

Before: MCKEE, Chief Judge, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 18, 2016)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

Michael Cook appeals the District Court's grant of summary judgment dismissing his Rehabilitation Act claim against the City of Philadelphia. Cook has failed to set out a *prima facie* case of employment discrimination. Consequently, we will affirm the judgment of the District Court.

## I.

Following his graduation from the Delaware County Police Academy, Cook applied to be a Philadelphia police officer. In September 2012, the City of Philadelphia offered Cook employment contingent on his successful completion of medical and psychological evaluations, as required by Pennsylvania law.[1] It is undisputed that in order to qualify as a police officer in Pennsylvania, a candidate must be "personally examined by a Pennsylvania licensed psychologist and found to be psychologically capable to exercise appropriate judgment or restraint in performing the duties of a police officer."[2]

In May 2013, Cook met with Dr. Nancy Rosenberg for an in-person psychological exam. Dr. Rosenberg had been performing psychological evaluations for Philadelphia's Police Department for 18 years. Dr. Rosenberg concluded that Cook was psychologically unfit to be a police officer, and she submitted a report to that effect. The report included a Summary Sheet, setting forth a standardized list of psychological qualities relating to the essential job functions of a police officer, as well as a numerical scale from 1 to 5 for

---

[1] 37 Pa. Code § 203.11(a).
[2] *Id.* § 203.11(a)(7).

the evaluating psychologist to rate the candidate. On the categories of "judgment/commonsense," "decision-making/problem solving," and "oral communication skills," Dr. Rosenberg gave Cook a score of 2, meaning "poor, problem interferes significantly with functioning." On the category of "resistance/ability to deal with stress/pressure/frustration," Dr. Rosenberg rated Cook a 1, meaning "unacceptable, problem of pathological proportions."

Based on the results of his psychological exam, the City told Cook that his application would no longer be considered, but that Cook had the option to re-apply for a position with the police department. Cook believed that he "shouldn't have to go back through the process" and instead filed a complaint against the City in the United States District Court for the Eastern District of Pennsylvania, alleging employment discrimination under the Rehabilitation Act and Title II of the Americans with Disabilities Act (ADA).[3]

The City moved to dismiss Cook's claims. In March 2015, the District Court granted the motion to dismiss as to Cook's ADA claim. Following discovery, the City moved for summary judgment on Cook's remaining Rehabilitation Act claim. Based on "undisputed facts and a paucity of proof from Cook," the District Court granted summary judgment, dismissing the case. Cook now appeals.

---

[3] 29 U.S.C. § 701 *et seq.* and 42 U.S.C. § 12101 *et seq.*, respectively.

## II.[4]

In the absence of direct evidence of discrimination, as here, a plaintiff may prove employment discrimination according to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*.[5]  Under this framework, the plaintiff bears the initial burden of establishing a *prima facie* case of unlawful discrimination.[6]  In order to set out a *prima facie* case of discrimination under the Rehabilitation Act, Cook must show that (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of his job with or without reasonable accommodations; and (3) he suffered adverse employment action as a result of discrimination based on his disability.[7]

The District Court was correct in finding that Cook had not demonstrated that he was qualified for the position in question.  In evaluating a plaintiff's qualifications, this court considers whether (1) "the individual satisfies the prerequisites for the position" and (2) "the individual can perform the essential functions of the position."[8]  Cook argues that "apart from Dr. Rosenberg's subjective opinion . . . he was qualified for the position." This misses the point.  Pennsylvania state law requires every police candidate be certified

---

[4] The District Court exercised jurisdiction over this matter pursuant to the Rehabilitation Act, the Americans with Disabilities Act and 28 U.S.C. § 1331.  This Court has appellate jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's decision to grant summary judgment.  *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 557 (3d Cir. 2008).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to that party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).
[5] 411 U.S. 792, 802-03 (1973).
[6] *Id*.
[7] *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996).
[8] *Gaul v. Lucent Tech., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998).

by a psychologist to ensure they are "psychologically capable to exercise appropriate judgment or restraint in performing the duties of a police officer."[9]  Cook failed to meet this requirement and has suggested no reasonable accommodation with which he would be qualified for the position of police officer.  Other than blanket allegations, he has failed to articulate any facts that would support a claim of bias in the statutorily-required psychological examination.  Such screening is "job-related" and "consistent with business necessity where the selection of individuals to train for the position of police officer is concerned."[10]  Therefore, Cook has not set out a *prima facie* case of employment discrimination and summary judgment was properly granted.

Moreover, Cook also fails to establish that the City *regarded him* as having a "physical or mental impairment that substantially limits one or more major life activities."[11]  Cook bases his entire theory of "regarded as" discrimination on Dr. Rosenberg's rating of "unacceptable/problem of pathological proportions" in the category of "resistance/ability to deal with stress/pressure/frustration."  This allegation, made without any actual evidence that the city regarded Cook as disabled, is also insufficient to establish a *prima facie* case of employment discrimination.  In a factually similar case, the Second Circuit held that a police officer candidate who was rejected after a psychological examination determined that he had "poor judgment, irresponsible

---

[9] 37 Pa. Code § 203.11(a)(7).
[10] *Miller v. City of Springfield*, 146 F.3d 612, 615 (8th Cir. 1998).
[11] 42 U.S.C. § 12102(1).

behavior and poor impulse control" was not "regarded as" disabled under the Rehabilitation Act.[12]

In the present case, Dr. Rosenberg concluded that Cook was unsuitable to be a police officer; he was not diagnosed as having any particular psychological disease or disorder. "[A]n employer does not necessarily regard an employee as handicapped simply by finding the employee to be incapable of satisfying the singular demands of a particular job."[13] Thus, Cook failed to meet his burden of showing that the City regarded him as disabled.

### III.

For the foregoing reasons we will affirm the judgment of the District Court.[14]

---

[12] *Daley v. Koch*, 892 F.2d 212, 215 (2d Cir. 1989).

[13] *Forrisi v. Bowen*, 794 F.2d 931, 934-35 (4th Cir. 1986).

[14] Chief Judge McKee wholeheartedly agrees with, and joins this opinion in its entirety. However, he wishes to emphasize the extent to which he views this lawsuit and the present appeal as being totally baseless and frivolous. He believes that Cook conflates a disability, rightly entitled to robust statutory protections, with the City's well-documented finding that Cook is simply ill-suited for policing. Thus, Cook cannot show that he is "otherwise qualified" to be a police officer. Chief Judge McKee further notes that although a mental trait surely can rise to the level of disability, Cook has not even made such a claim in this litigation. He likewise does not provide any evidence that the City regarded him as disabled. Thus, by bringing these claims on this "record," Chief Judge McKee believes that Cook has done a disservice to himself and to claimants who can allege a legitimate claim of disability-based discrimination.