**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1414
_____

CHRISTOPHER GIBBS,
                                        Appellant

v.

CITY OF PITTSBURGH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:18-cv-01563)
District Judge: Hon. Joy Flowers Conti
_____

Argued: January 27, 2021

Before: RESTREPO, BIBAS, and PORTER, *Circuit Judges*.

(Filed: March 3, 2021)
_____

Margaret S. Coleman                [ARGUED]
Timothy P. O'Brien
Law Offices of Timothy P. O'Brien
535 Smithfield Street, Suite 1025
Pittsburgh, PA 15222

   *Counsel for Appellant*

Yvonne S. Hilton
Julie E. Koren                     [ARGUED]
Emily C. McNally
City of Pittsburgh Department of Law
414 Grant Street
313 City County Building
Pittsburgh, PA 15219

   *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

BIBAS, *Circuit Judge*.

Governments have a right to ensure that their policemen are mentally fit. But they may not use psychological testing as a cover to discriminate.

Christopher Gibbs alleges that Pittsburgh did just that. When he applied for a job as a policeman, two psychologists who screened him recommended not hiring him. Gibbs has ADHD, and he claims that they rejected him because of that,

2

even though it is under control. Although he has a history of youthful misbehavior, he adds that the city hired other policemen with similar histories who did not have ADHD.

With those allegations, Gibbs has plausibly alleged that the psychologists discriminated against him. If he is right, Pittsburgh is liable for relying on them. And the city cannot dodge liability by labeling the psychologists' approval as a job qualification. Because Gibbs has plausibly stated claims for disability discrimination, we will reverse the District Court's dismissal.

## I. BACKGROUND

Gibbs applied to be a Pittsburgh policeman. He aced the written test and got a conditional job offer. After that, he had to "[b]e personally examined by a Pennsylvania licensed psychologist and found to be psychologically capable [of] exercis[ing] appropriate judgment or restraint in performing the duties of a police officer." 37 Pa. Code § 203.11(a)(7). But of the three psychologists who interviewed him, two said he was unfit to serve. So he never got the final offer.

Gibbs alleges that the psychologists were biased. He claims that once they learned of his ADHD diagnosis, they reflexively rejected him. Yet they never explored whether his ADHD would interfere with the job. If they had, he says, they would have learned that his ADHD was under control: Five other police departments have found him mentally fit and hired him. He has never misbehaved as a police officer or as a Marine. And he passed a written test that he claims was "the best

available objective psychological assessment of [his] mental health." App. 94.

Gibbs misbehaved as a child, before he was treated for ADHD. But he claims that Pittsburgh hired other applicants with similar childhood issues *not* caused by ADHD. So he believes he was denied the job based on anti-ADHD bias.

Gibbs sued Pittsburgh under the Americans with Disabilities Act (ADA) and the Rehabilitation Act. The District Court granted Pittsburgh's motion to dismiss. It held that he was not qualified to be a Pittsburgh policeman because "[p]assing [the psychological test] was a 'prerequisite,' regardless of how able Gibbs was to perform the essential functions of the job." *Gibbs v. City of Pittsburgh*, No. 18-1563, 2019 WL 1978431, at *4 (W.D. Pa. May 3, 2019). The court suggested that he "might be able to state a viable claim" by pleading "bias in the statutorily-required psychological examination." *Id.* But he had not done that, it ruled; he had alleged only that the "psychologists, not the City," were biased. *Id.*

Gibbs now appeals. We review the District Court's dismissal de novo. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009).

## II. GIBBS STATED VALID DISCRIMINATION CLAIMS

The "substantive standards for determining liability [under the ADA and Rehabilitation Act] are the same." *McDonald v. Pa. Dep't of Pub. Welfare, Polk Ctr.*, 62 F.3d 92, 95 (3d Cir. 1995). So we analyze Gibbs's claims together.

For either claim, Gibbs must plausibly allege three elements: that he was disabled, was qualified for the job, and suffered discrimination because of his disability. *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010). He has plausibly alleged all three.

### A. Gibbs plausibly alleged that he was disabled

The ADA and Rehabilitation Act protect a job applicant not only if he is mentally impaired, but also if an employer wrongly "regard[s]" him as impaired. 42 U.S.C. § 12102(1)(C). The test is whether the employer "perceived" him as impaired, "whether or not the [perceived] impairment limits or is perceived to limit a major life activity." § 12102(3)(A). Although Gibbs's ADHD was under control, the psychologists allegedly thought it was a handicap and fixated on it in rejecting him. So he has plausibly alleged that they regarded him as disabled.

### B. Gibbs plausibly alleged that he was qualified

Gibbs claims that he was qualified to be a policeman because five other police departments hired him, and even Pittsburgh made him a conditional job offer. Pittsburgh responds that Gibbs lacked one qualification: passing the psychological test.

That response misses the point. Gibbs claims that he failed the test because the psychologists were biased. When a plaintiff claims that job criteria were applied in a discriminatory way, of course he does not need to satisfy those criteria to bring a discrimination claim. He need show only that he was qualified based on all the other, nondiscriminatory criteria. *See* § 12112(b)(6) (banning the use of discriminatory job

5

qualifications unless they are job-related and necessary for the business); *Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 306 (5th Cir. Unit A Nov. 1981). Gibbs claims that he would have been hired but for failing the allegedly biased test. So he has plausibly claimed that he was qualified.

In finding Gibbs unqualified, the District Court relied on *Cook v. City of Philadelphia*, 649 F. App'x 174 (3d Cir. 2016). *Cook* is not precedential, and it does not help Pittsburgh. In *Cook*, we reasoned that a psychological test for police officers was a valid qualification, but only after the plaintiff had pointed to *no* "facts that would support a claim of bias." *Id.* at 177. Yet here, Gibbs alleges bias.

To be sure, we will not excuse a plaintiff from missing qualifications just because he *says* they were discriminatory. He must *plausibly allege* (and later prove) that they were. We now turn to that third element.

## C. Gibbs plausibly alleged that he suffered discrimination

To plausibly allege discrimination, Gibbs does not have to have detailed evidence. For now, he need only give Pittsburgh fair notice of his claim and "raise the reasonable expectation that discovery will uncover evidence of discriminatory motive." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 267 (3d Cir. 2021) (internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Gibbs has done that. He claims that once the psychologists learned that he had ADHD, they fixated on his childhood misbehavior without considering whether it was currently under

6

control. He also claims that his ADHD *was* under control and that five other police departments thought so. And he claims that Pittsburgh hired other policemen who had likewise misbehaved as children but did not have ADHD. He has thus explained why he thinks he suffered discrimination. If his allegations are true, there is a reasonable chance that discovery will unearth more evidence of it. So he has plausibly stated a claim.

The District Court thought that Gibbs had to allege that *Pittsburgh itself* was biased, not just the psychologists that it had hired. But at oral argument, Pittsburgh disavowed that reasoning. We reject it too. Under the ADA, discrimination includes "participating in a contractual or other arrangement or relationship that has the effect of subjecting a … qualified applicant … to … discrimination." § 12112(b)(2). Thus, "[a]n employer cannot evade its obligations under the ADA by contracting out personnel functions to third parties." *Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 31 (1st Cir. 2002). That includes "us[ing] a preemployment examination as conclusive proof of an applicant's [mental] capabilities." *Id.* So if the psychologists discriminated against Gibbs, Pittsburgh would be liable for relying on them.

The District Court also said that state law required Pittsburgh to screen out Gibbs. The parties debate whether that is true, but it makes no difference. Under the Supremacy Clause, an employer may not shield itself from federal antidiscrimination liability just by saying that it was trying to follow state law. *EEOC v. Allegheny Cty.*, 705 F.2d 679, 682 (3d Cir. 1983). "[T]he demands of the federal Rehabilitation Act [or ADA] do not yield to state laws that discriminate against the

disabled; it works the other way around." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1234 (10th Cir. 2009) (Gorsuch, J., concurring). As Pittsburgh thus conceded at argument, its trying to follow Pennsylvania law would not be a defense.

\* \* \* \* \*

Pittsburgh objects that its psychologists did not discriminate against Gibbs. That may be so. But Gibbs has plausibly alleged that they did, and he deserves a chance to prove it. We will reverse the District Court's dismissal and remand to allow discovery.