NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3195
_____

DONNA BARNES,
                    Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF COMMERCE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:21-cv-03647)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2024
_____

Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed: August 30, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Donna Barnes worked as a Lead Census Field Manager in the Philadelphia office of the United States Census Bureau. After she was terminated from that position, Barnes (pro se) filed suit against her former employer, raising claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and Title II of the Americans with Disabilities Act of 1990 (the ADA).[1] The Government moved for summary judgment under Fed. R. Civ. P. 56, and won. Barnes timely appealed the District Court's judgment, which we have jurisdiction to review under 28 U.S.C. § 1291.

Barnes's opening brief does not identify specific errors in the District Court's rationale. This tracks her mistaken assertion that "[n]o reason was given" by the District Court to support its summary judgment ruling, Br. 2, and leaves her subject to wholesale issue forfeiture. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020). In light of Barnes's pro se status and the general arguments she has raised, however, we have conducted de novo review of the decision below and, in doing so, evaluated the summary judgment record in the light most favorable to Barnes. See *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010).

That record amply supports the District Court's determinations that: Barnes adduced no admissible evidence of similarly situated, non-white employees who were

---

[1] The District Court construed Barnes's claim under the ADA as a claim under the Rehabilitation Act of 1973 (the RA). The ADA and the RA use the same standard for determining liability; for a claim under either, the plaintiff "must plausibly allege three elements: that he was disabled, was qualified for the job, and suffered discrimination because of his disability." Gibbs v. City of Pittsburgh, 989 F.3d 226, 229 (3d Cir. 2021). While the two laws have different causation standards, see Durham v. Kelley, 82 F.4th 217, 226 (3d Cir. 2023), that difference is immaterial in this case.

treated more favorably, nor other kinds of evidence from which a factfinder could infer that Barnes's firing was driven by discrimination on the basis of her race (white); there is no evidence Barnes was ever denied a reasonable accommodation for her disabilities (asthma, skin cancer), or that she was fired because of her disabilities; and there is no evidence Barnes's firing was sparked by complaints she made regarding discrimination on the basis of race, disability, or some other protected status.[2] In addition, there is no merit to Barnes's argument that she "establish[ed] a prima face case of hostile work environment," Br. 4, there being no record evidence she suffered intentional discrimination that was severe or pervasive, and that would have detrimentally affected a reasonable person in like circumstances. Cf. Castleberry v. STI Grp., 863 F.3d 259, 263 (3d Cir. 2017).[3]

The evidence Barnes did produce, on the other hand, all tended to show that conflicts at the Bureau and, ultimately, Barnes's firing were rooted in differing opinions

---

[2] Barnes laments that she was unable to adequately oppose summary judgment because she could not afford the cost of a transcript of her deposition. We acknowledge the financial burden for pro se litigants proceeding in forma pauperis. That said, "[t]here is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses." Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993). And while district courts possess inherent equitable power to, "under some circumstances . . . order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions," id., there is no indication in the record that Barnes sought such relief in advance of the District Court's decision.

[3] The District Court declined to consider whether Barnes presented a triable claim that she was subjected to a hostile work environment, on the ground that she had not pleaded such a claim in her complaint. It would not have been unreasonable for the District Court to have liberally construed Barnes's complaint as raising a claim for hostile work environment, especially given the relevant summary judgment briefing.

about how to effectively manage the work, or how to appropriately interact with colleagues. In other words, the evidence did not reveal a triable claim under Title VII or the ADA/RA.

Accordingly, the judgment of the District Court will be affirmed.