**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2866
_____


ZEFERINO MARTINEZ, M.D.,
                                      Appellant

v.

UPMC SUSQUEHANNA


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:19-cv-00327)
District Judge: Honorable Matthew W. Brann
_____


Argued: September 15, 2020

Before: KRAUSE, RESTREPO, and BIBAS, *Circuit Judges*

(Filed: January 29, 2021)
_____

Sidney L. Gold
Traci M. Greenberg                [ARGUED]
Sidney L. Gold & Associates, P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103

    *Counsel for Appellant*


Richard F. Schluter
Austin White                [ARGUED]
McCormick Law Firm
835 West Fourth Street
Williamsport, PA 17701

    *Counsel for Appellee*


Jeremy D. Horowitz                [ARGUED]
Equal Employment Opportunity Commission
5th Floor
131 M Street, N.E.
Washington, DC 20507

    *Counsel for Amicus Curiae in support of Appellant*

_____

OPINION OF THE COURT
_____

BIBAS, *Circuit Judge*.

At the pleading stage, an age-discrimination plaintiff does not have to know his replacement's exact age. That age can come out in discovery.

A hospital allegedly fired orthopedic surgeon Zeferino Martinez without much explanation and replaced him with two younger doctors. The District Court dismissed his age-discrimination suit, treating as conclusory his allegation that his replacements were "significantly younger." But that age gap, we hold, is a factual allegation that the District Court must take as true. It does enough to put the employer on notice. The hospital knows the younger doctors' exact ages and specialties, and discovery will let Martinez uncover those and other details in time for summary judgment and trial. We will thus reverse.

## I. BACKGROUND

### A. UPMC Susquehanna fires Martinez

On appeal from this dismissal, we take the factual allegations as true: Martinez is a board-certified orthopedic surgeon with four decades of experience. He has completed general and orthopedic-surgery residencies and a spine fellowship and has worked in several hospitals. In 2016, a hospital hired Martinez on a three-year contract as its only orthopedic surgeon.

In 2017, UPMC Susquehanna bought and took over the hospital. UPMC's representatives told Martinez that they would continue his contract. They also discussed acquiring new equipment and hiring an x-ray technician to help him and other doctors. But just a month later, UPMC's chief operating officer and its executive director of the musculoskeletal division fired Martinez. Their only explanation was that the hospital was "moving in a different direction and [Martinez's] services were no longer needed." First Am. Compl. ¶18. Both executives told him that his firing "had nothing to do with [his] performance." *Id.* Indeed, when Martinez was fired, his surgery schedule was booked up for several more months. He was then seventy years old.

Soon after firing him, the hospital hired two doctors. One was John Hunter, who took over at least some of Martinez's job functions. First Am. Compl. ¶20. In addition, the hospital posted an opening for an orthopedic surgeon. Martinez applied three times for this spot but never got a response. Instead, the hospital hired Wingrove Jarvis. Both Hunter and Jarvis were allegedly "significantly younger," "less qualified," and "less experienced" than Martinez. *Id.* ¶¶20, 22.

## B. Procedural history

Martinez sued the hospital under the Age Discrimination in Employment Act (ADEA) and Pennsylvania Human Relations Act (PHRA). He claimed that it had fired him and not rehired him because of his age. The District Court granted the hospital's motion to dismiss his amended complaint. *Martinez v. UPMC Susquehanna*, No. 4:19-cv-00327, 2019 WL 3776587, at *4 (M.D. Pa. Aug. 12, 2019). It held that a plaintiff cannot

4

just allege that his replacement was "substantially younger" because that is a legal conclusion, not a factual allegation that must be taken as true. *Id.* at \*3. Because the complaint did not allege Hunter's and Jarvis's ages and specialties, the court thought it could not infer age discrimination. *Id.* Martinez now appeals. The EEOC appeared in our court as an amicus in support of Martinez; we thank it for its excellent briefing and argument.

## C. Standard of review

We review the District Court's dismissal de novo. *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 356 (3d Cir. 2020). Our analysis of the ADEA applies equally to the PHRA. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

To survive a motion to dismiss, a complaint need not be detailed. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). It needs just "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement, in turn, must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the complaint does not have to be more specific than that. The short and plain statement is enough to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plausible does not mean possible. The facts must be more than "'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). But plausible does not mean probable either. *Id.*

5

The court need only be able to draw a "reasonable inference" that the defendant has broken the law. *Id.*

The court must take the complaint's factual allegations as true. But it may disregard labels, conclusions, and "formulaic recitation[s] of the elements." *Twombly*, 550 U.S. at 555. If, after that, the pleaded facts plausibly entitle the plaintiff to relief, the case should proceed to discovery.

## II. BY ALLEGING THAT HIS REPLACEMENTS WERE "SIGNIFICANTLY YOUNGER," MARTINEZ PROPERLY PLEADED AGE DISCRIMINATION

The issue here is whether the phrase "significantly younger" is a factual allegation that the District Court must take as true, or instead a legal conclusion. We hold that it is factual. To survive a motion to dismiss, Martinez did not have to allege his replacements' exact ages or specialties.

### A. A plaintiff's burden at each stage of an age-discrimination claim

Martinez's complaint must allege enough facts to show that he has a plausible entitlement to relief. To understand that concept in the context of age-discrimination claims, we must work backwards from the endgame. So we first discuss what facts the plaintiff must ultimately prove at trial to win, then what he must show to survive summary judgment, and finally what he must allege to avoid dismissal.

1. *What a plaintiff must prove at trial*. An employer may not fire or refuse to hire someone because of that person's age. 29 U.S.C. § 623(a)(1). So an age-discrimination plaintiff must

prove that it is more likely than not that, but for his age, the employer would not have fired or failed to hire him. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009). If the plaintiff relies on circumstantial evidence, courts use the three-part burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015). First, the plaintiff must make out a prima facie case. *Id.* Next, the employer must offer a legitimate, nondiscriminatory explanation for its action. *Id.* Finally, the plaintiff must show that this reason was a pretext for discrimination. *Id.*

2. *What a plaintiff must show to survive summary judgment.* The summary-judgment framework is the same. At summary judgment, a plaintiff relying on circumstantial evidence must make out a prima facie case under *McDonnell Douglas*. An age-discrimination plaintiff must show that (1) he is at least forty, (2) he is qualified for the job, (3) he suffered an adverse employment action, and (4) he was replaced by (or passed over in favor of) someone else "who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis*, 808 F.3d at 644. After the prima facie case is shown, the court proceeds through the second and third steps of the *McDonnell Douglas* burden-shifting framework. *Keller v. Orix Credit All., Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997).

3. *What a plaintiff must allege to defeat a motion to dismiss.* To defeat a motion to dismiss, it is sufficient to allege a prima facie case. *Castleberry v. STI Grp.*, 863 F.3d 259, 266 (3d Cir. 2017). But it is not necessary. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), *cited with approval in*

7

*Twombly*, 550 U.S. at 569–70. The complaint need only allege enough facts to "raise a reasonable expectation that discovery will reveal evidence of [each] necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

### B. "Significantly younger" is a factual allegation, not a legal one

The District Court treated the complaint's allegations about "significantly younger" replacements for Martinez as legal conclusions, so it disregarded them. *Martinez*, 2019 WL 3776587, at *3. Without them, the court held, there were not enough facts in the complaint that plausibly gave rise to a claim for relief. *Id.*

A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue. In *Twombly*, the Court refused to credit an allegation of a "contract, combination or conspiracy to prevent competitive entry into [the defendants'] … markets," in violation of the Sherman Act. 550 U.S. at 548, 564–65. That was not a factual allegation of an illicit agreement, but just a restatement of the ultimate legal issue that the plaintiffs needed to prove. And in *Iqbal*, the Court refused to credit the allegation that the defendants imposed harsh conditions of confinement based solely on the plaintiff's religion, race, and national origin. 556 U.S. at 680–81. Discriminatory purpose was the very legal conclusion that Iqbal needed to prove.

In an age-discrimination suit, the legal conclusion that the plaintiff needs to win is that the employer took the adverse action because of the plaintiff's age. The replacements' exact ages are not ultimate issues or even legally mandated elements. Indeed, no minimum age gap is needed to find that the replacement is "sufficiently younger." *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 699 (3d Cir. 1995). True, proof that the replacement is significantly younger can satisfy the fourth prong of a prima facie case. But claims premised on direct evidence of age discrimination do not require a prima facie case at all. *Swierkiewicz*, 534 U.S. at 511.

Even circumstantial-evidence cases do not always require an age gap or a direct replacement. The plaintiff can instead allege actions by an employer that, "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Willis*, 808 F.3d at 644 (quoting *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 352 (3d Cir. 1999)). An example would be when a defendant "continued to seek applicants from among those having plaintiff's qualifications." *Barber*, 68 F.3d at 698 (internal quotation omitted).

Martinez alleges a commonsense fact. He does not ask us to take as true that the hospital discriminated against him based on his age. He asks us only to accept that the men who replaced him were "significantly younger" than he was. That is a matter of common parlance and observation. People often look at someone's appearance or experience and infer that person's rough age. The inference is imperfect, but it is enough to get to discovery.

Commonsense allegations are used in other types of discrimination cases too. For instance, a Title VII complainant can allege that his replacement is of a different race or national origin. *See, e.g.*, *Swierkiewicz*, 506 U.S. at 514; *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015). One can plead someone else's race or national origin based on observation, without genealogy, even though these observations are fallible. So too an age-discrimination plaintiff can plead a substantial age gap without knowing dates of birth. This is a commonsense description of a subsidiary fact, not the ultimate issue the plaintiff must prove.

## C. Martinez's complaint states a plausible age-discrimination claim

The factual allegations in Martinez's complaint state the heart of a prima facie case. The complaint says he is over forty, he is qualified for the job, and he was fired and not rehired. It also alleges that his replacements were not only "significantly younger," but also less qualified and experienced. First Am. Compl. ¶¶20, 22. These factual allegations of age differences are enough. Discovery should reveal the replacements' exact ages, confirming or putting to rest that allegation. The complaint also adds suspicious details, like the hospital's earlier assurances that it would keep Martinez on and its executives' statements that his firing was not based on his performance. These facts raise the reasonable expectation that discovery will uncover evidence of discriminatory motive.

Though Martinez did not allege his replacements' specialties, he need not do that yet. Not all of a plaintiff's duties have to go to a single replacement; the replacement's job does not

have to match the plaintiff's job exactly. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 729–30 (3d Cir. 1995). Nor does Martinez have to anticipate and preempt the hospital's possible explanations (at least, not yet). The court at summary judgment—and ultimately, perhaps, the jury at trial—can decide whether the age differences give rise to an inference of discrimination and whether the alleged replacements are relevant comparators. If he makes out that prima facie case, the hospital will next have to offer a legitimate, nondiscriminatory explanation. Only then must the plaintiff respond and show pretext.

The complaint does enough to put the hospital on notice. It alleges who fired Martinez, when, and how. It names his replacements and alleges that they were "significantly younger." Though Martinez is unlikely to know his replacements' exact ages and specialties until discovery, the hospital can look up this information in its records. It now knows enough to respond. *See Fowler*, 578 F.3d at 212.

\* \* \* \* \*

Martinez plausibly pleaded age discrimination. He alleged that his replacements were "significantly younger." That was enough. He did not also have to allege their specialties or exact age gaps in his complaint. We will thus reverse and remand to let this case proceed to discovery.