**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1888
_____

PHILIP SHROPSHIRE,
Appellant

v.

CHRIS GALLAWAY; ZACHARY REIDER; FIELDWORKS LLC
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-00935)
District Judge: Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2021
Before: JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed: April 20, 2021)
_____

OPINION*
_____

PER CURIAM

    Pro se appellant Philip Shropshire appeals from the District Court's order dismissing

his civil action pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

follow, we will affirm that decision in part, vacate it in part, and remand for further proceedings.

I.

In July 2017, Shropshire filed a complaint in the District Court against his former employer, FieldWorks LLC, and two of its employees, Chris Gallaway and Zachary Reider. Shropshire primarily raised claims of race discrimination and retaliation under Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act ("PHRA"), and 42 U.S.C. § 1981. In his amended complaint,[1] Shropshire identifies himself as "an African American male." ECF No. 27 at 3. He "was hired by an African American named Joel Williams" and began working as a canvasser for FieldWorks in June 2016. Id. at 4–5. Shropshire's work involved registering voters, and he averaged "about 19.6 voter registrations per day." Id. at 5. Shropshire "never received a single complaint about [his] work record from Joel Williams." Id.

Williams "left in July and was replaced by Zachary Reider, a white teenager from Idaho." Id. at 6–7. Shortly thereafter, Shropshire and Reider had disagreements regarding the use of voter registration quotas, and on July 20, Reider fired Shropshire "for being 'disruptive.'" Id. at 11. Shropshire then filed a complaint with the Equal Employment

---

[1] Shropshire's amended complaint is the operative pleading in this case. Because this is an appeal from an order granting a motion to dismiss under Rule 12(b)(6), "we take the following factual background directly from [that operative pleading] and accept as true all facts set forth therein, drawing all reasonable inferences from such allegations in favor of the Appellant." Fair Hous. Rights Ctr. in Se. Pa. v. Post Goldtex GP, LLC, 823 F.3d 209, 212 (3d Cir. 2016).

Opportunity Commission ("EEOC").[2]  In those proceedings, FieldWorks claimed that Shropshire was also fired for "insubordination."  Id.  Shropshire maintains that he was neither disruptive nor insubordinate and that other employees who were present at the meetings with Reider would agree.  See id. at 11–14.

Shropshire claims that the "shifting explanations" for his firing were pretextual and that he was "fired because of his race."  Id. at 13.  He maintains that the company had "an overall pattern of racial discrimination in firing decisions," which included "treating white workers better and holding them to lesser standards (voter registration numbers)."  Id. at 13–14.  Specifically, other "black workers, Heather Houston and Mariah Carey . . . were fired for not bringing in 15 voter registrations per day," while "at least two white canvassers, Frank Carr and Ruthann Alexander, only had to reach 10 voter registrations to keep their jobs."  Id. at 12.  Shropshire further claims that he was fired in retaliation for "defending fellow black workers from being terminated illegally."  Id. at 16.

The defendants moved to dismiss the amended complaint under Rule 12(b)(6).  By order entered March 17, 2020, the District Court granted the motion and dismissed Shropshire's discrimination and retaliation claims with prejudice.  To the extent that Shropshire sought to raise other state law claims, the District Court declined to exercise supplemental jurisdiction over those claims and dismissed them without prejudice.  This appeal ensued.

---

[2]  Shropshire alleged that he obtained a right-to-sue notice from the EEOC, and it appears that the EEOC took no action on his claims.  See ECF No. 27 at 2.

II.

We are satisfied that we have jurisdiction over the appeal under 28 U.S.C. § 1291.[3] We exercise plenary review over the District Court's dismissal under Rule 12(b)(6), W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010), and ask whether the complaint contained "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

III.

The District Court evaluated Shropshire's claims by applying the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the first step of which requires determining whether the plaintiff has made a prima facie showing of discrimination and/or retaliation. See Jones v. Se. Pa. Transp. Auth., 796 F.3d 323, 325–26 (3d Cir. 2015); see also Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999) (explaining that claims under Title VII, the PHRA, and 42 U.S.C. § 1981 are evaluated similarly). But "[a] *prima facie* case is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim [under Rule

---

[3] The Appellees' motion to dismiss the appeal for lack of jurisdiction is denied. Shropshire timely appealed from the District Court's final order entered on March 17, 2020, as his notice of appeal was filed when it was received by the District Court on April 16, 2020. See Han Tak Lee v. Houtzdale SCI, 798 F.3d 159, 163 (3d Cir. 2015) (explaining that a notice of appeal is "filed" when it is received by the clerk); C.A. Doc. No. 9, Ex. 1 (showing receipt on April 16, 2020); see also United States v. Solly, 545 F.2d 874, 876 (3d Cir. 1976) ("[T]he date of receipt by the clerk's office controls, rather than the date it is filed by the clerk's personnel.").

12(b)(6)]." Connelly v. Lane Constr. Corp., 809 F.3d 780, 789 (3d Cir. 2016) (quotation marks and citations omitted). The proper question to ask at the Rule 12(b)(6) stage is whether the plaintiff has alleged "sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." Connelly, 809 F.3d at 789; see also id. at 787–89 (setting forth the elements of discrimination and retaliation claims).

Here, Shropshire alleged sufficient facts to raise a reasonable expectation that discovery will uncover proof of his discrimination and retaliation claims against Reider and FieldWorks.[4] Shropshire alleged that he performed better and obtained more voter registrations than white coworkers who were not fired because they were held to a lower performance standard. Several of Shropshire's African American colleagues were also fired based on performance metrics that were not applied evenly to their white colleagues. And Shropshire was fired after he had publicly opposed these allegedly discriminatory practices. These alleged facts are enough to state facially plausible claims for discrimination and retaliation. See id. at 787–91.[5]

---

[4] Because Shropshire's amended complaint raised no allegations regarding Chris Gallaway's involvement in the alleged misconduct, we will affirm the District Court's dismissal of the claims against Gallaway.

[5] We agree with the District Court's assessment that the complaint indicates that there may be non-discriminatory and non-retaliatory reasons for Shropshire's firing. But, at this stage, Shropshire does not "have to anticipate and preempt the [employer's] possible explanations." Martinez v. UPMC Susquehanna, 986 F.3d 261, 267 (3d Cir. 2021).

Accordingly, we will vacate the District Court's dismissal of Shropshire's discrimination and retaliation claims against Reider and FieldWorks,[6] affirm the dismissal of the claims against Gallaway, and remand this case to the District Court for further proceedings.

---

[6] To the extent that Shropshire sought to raise other state law claims, the District Court declined to exercise supplemental jurisdiction over those claims based on its resolution of the discrimination and retaliation claims. The District Court may reconsider that issue on remand.