**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1851
_____

PHILIP SHROPSHIRE,
                                        Appellant

v.

ELISABETH WHEELER;
PIVOT PHYSICAL THERAPY, f/k/a Allegheny Chesapeake

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00221)
District Judge:  Honorable David S. Cercone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 2021
Before:  CHAGARES, BIBAS and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 3, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Philip Shropshire appeals from an order granting the defendants' motion to dismiss his amended complaint. We will affirm the District Court's order.

I.

In May 2018, Shropshire filed an employment discrimination action against Pivot Physical Therapy ("Pivot"), his former employer, and Elizabeth Wheeler, his supervisor at Pivot. Shropshire, who is African American, claimed that he was wrongfully fired on the basis of his race. He raised claims under 42 U.S.C. § 1981, Title VII of the Civil Rights Act, and Pennsylvania's Human Relations Act. The defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Shropshire had failed to state a claim. Shropshire was then granted leave to amend his complaint by April 15, 2019.

After the District Court's deadline had passed, on April 17, 2019, Shropshire filed an amended complaint raising a single § 1981 claim. He alleged that he was hired by Allegheny Chesapeake Physical Therapy in February 2016 to drive patients to and from their appointments. See Am. Complaint, ECF No. 30 ¶ 8. Allegheny Chesapeake was later bought by Pivot. Id. ¶ 9. He alleged that he was the sole Black worker at Pivot. See id. ¶ 16. On May 10, 2016, Shropshire had his first performance evaluation. Id. ¶ 11. During the meeting, there was some discussion of Shropshire's tardiness over two days in February. Id. He stated that he was given no evaluation form or improvement plan following the meeting. Id.

On May 31, 2016, Shropshire picked up a client who was reluctant to get into Shropshire's vehicle. Id. ¶ 13. Shropshire alleged that for his subsequent pick-up, he

2

was provided the wrong address.  Id.  The combination of the two back-to-back incidents caused him to be late.  Id. ¶¶ 12, 13.  He went on to complete about five additional pick-ups that day without any problems.  See Statement of Material Facts, ECF No. 33 at p. 4 ¶ 11.[1]  When he returned to the office, he advised the receptionist about the incorrect address.  Id.

Shropshire alleged that he was fired about a week after the May 31 incidents.  Id. at p. 4 ¶ 12.  He stated that, prior to the May 31 incidents, his performance was "perfect," he was never late, and he never received complaints from clients.  See Am. Complaint, ECF No. 30 ¶¶ 10, 16, 18(D).  Shropshire also alleged that he was never given a written or oral warning about his behavior before being fired, id. ¶¶ 10, 16, and that he had not seen the written evaluation from his May 10 meeting until after he filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), id. ¶ 16.  He claimed that Wheeler deliberately gave Shropshire the incorrect address to "sabotage" him because of his race, id. ¶ 12, and that the defendants set unattainable work goals and fabricated documents as pretext for firing him, see id. ¶ 18.

The defendants moved to dismiss the amended complaint.  The District Court granted the defendants' motion, concluding that: (1) he had failed to file the amended

---

[1] In addition to Shropshire's amended complaint, he filed a document entitled "Statement of Material Facts," which he acknowledged was "not necessary" at the pleading stage. See ECF No. 33 at 1.  Nonetheless, the District Court considered the allegations contained therein together with the allegations contained in Shropshire's amended complaint, and we will do the same.

complaint within the designated deadline, and (2) regardless of timeliness, Shropshire had failed to state a claim. Shropshire appealed.[2]

II.

Shropshire makes no argument on appeal regarding the District Court's dismissal of his original complaint. He argues that the District Court erred in (1) dismissing his amended complaint for failing to file it within the time permitted, and (2) determining that he failed to state a § 1981 claim. See Appellant's Br. at 13. We need not address the issue of timeliness because we conclude that dismissal was warranted on the basis that Shropshire failed to state a claim.

We review de novo the District Court's grant of the defendants' motion to dismiss pursuant to Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "[A] court reviewing the sufficiency of a complaint must take three steps. First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.' Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations in the original) (footnote and citation omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675, 679 (2009)).

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

4

Having conducted that analysis, we agree with the District Court that Shropshire failed to state a claim. To state a § 1981 claim, Shropshire was required to plead, among other elements, that he was fired "under circumstances that support an inference of unlawful discrimination." See In re Tribune Media Co., 902 F.3d 384, 401 (3d Cir. 2018) (describing the elements of a Title VII claim); Brown v. J. Kaz, Inc., 581 F.3d 175, 181–82 (3d Cir. 2009) (explaining that the substantive elements of a § 1981 claim are identical to the elements of a Title VII claim).

Shropshire's only allegation that might raise that inference is his assertion that the defendants held him to a "hypercritical standard not applied to white workers, treating white workers better and holding them to a lesser standard." Am. Complaint, ECF No. 30 ¶ 18. However, that statement is too threadbare and speculative to constitute a well-pleaded factual allegation. See Connelley, 809 F.3d at 790; cf. Martinez v. UPMC Susquehanna, 986 F.3d 261, 267 (3d Cir. 2021) (accepting as true the plaintiff's factual allegation that his replacement was "significantly younger" than him, which was a matter of "common parlance and observation"). So too are Shropshire's assertions that Wheeler intentionally "sabotaged" him, see Am. Complaint, ECF No. 30 ¶ 12; and that the defendants' EEOC response included false statements and fabricated documents, see id. ¶ 18(C)–(F).[3]

---

[3] To the extent that Shropshire argues that the District Court should have considered the defendants' response to his EEOC complaint in assessing their motion to dismiss, he is mistaken. Neither Shropshire's EEOC complaint nor the defendants' response, either in full or in part, were included in or attached to his amended complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1424–25 (3d Cir. 1997) (concluding that, when ruling on a motion to dismiss, a district court must consider only the complaint

Shropshire did allege some well-pleaded facts, but, even construed in the light most favorable to him, they do not plausibly show an entitlement to relief under § 1981. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). His allegations that the defendants set unattainable work goals for him, failed to provide him with warnings before firing him, and fired him for being given the wrong address—while perhaps indicative of a difficult or inhospitable work environment—do not give rise to a reasonable inference that he was fired because he is African American. Although the defendants' alleged behavior might be "consistent with" discrimination, it is also consistent with non-discriminatory motives, including run-of-the-mill bad management. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (stating that a complaint's allegations must be more than "merely consistent with" a defendant's wrongdoing).[4]

Nor can a discriminatory motive reasonably be inferred from the defendants' allegedly positive evaluation of Shropshire's performance. Upon reviewing the evaluation form attached to his amended complaint, we question whether Shropshire's evaluation was, in fact, positive.[5] But even assuming in Shropshire's favor that he *did*

and its attached documents). In fact, the defendants' EEOC response does not appear anywhere in the District Court record.

[4] Indeed, while Shropshire alleged that he was the sole Black worker at Pivot, he also alleged that Wheeler did not seem to like "any other office worker, who seemed to treat her like an abusive parent whenever in her somewhat unfriendly and hostile presence," suggesting that the defendants' behavior was not unique to him. See Am. Complaint, ECF No. 30 ¶ 11.

[5] Shropshire asserted that the evaluation form attached to his amended complaint shows that the defendants deemed his performance "satisfactory." See Statement of Material Facts, ECF No. 33 at p. 4 ¶ 15. But the form shows numerous "minus" marks where Shropshire's performance was apparently deemed lacking, and includes comments

receive a positive performance evaluation, that allegation does not raise a reasonable inference that he was fired on the basis of his race.

Shropshire is correct that his burden was not to plead, e.g., that Wheeler made an overt racist remark against him. See Appellant's Br. at 13–14. The law recognizes that racial animus can be covered up with pretextual reasons for punishing or firing a worker, and thus allows claimants to use circumstantial evidence to show discrimination. See Tribune, 902 F.3d at 402. Nonetheless, stating a § 1981 claim requires pleading at least some factual material from which a plausible inference of discrimination can be drawn. See Martinez, 986 F.3d at 265 (noting that while "plausible" does not mean "probable," it also does not mean merely "possible"). Shropshire failed to do so. The District Court was thus not required to allow him to proceed to discovery. See Connelley, 809 F.3d at 789 (explaining that stating a "plausible" claim means alleging facts that lead to a reasonable expectation that discovery would reveal evidence of discrimination).

Finally, Shropshire does not argue on appeal that the District Court should have granted him leave to further amend his complaint, and he presents nothing on appeal to suggest that further amendment would enable him to present a plausible employment discrimination claim. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.

---

suggesting that Shropshire had issues with customer service, being on time, adhering to the dress code, clear communication, and following instructions. See Am. Complaint, ECF No. 30-3. What Shropshire believes states "Renewal of Philip," suggesting that his contract should be renewed, appears to in fact state "Reviewed w/ Phil." See Response to Reply Br., ECF No. 36-1.

2002) (stating that allowing leave to amend is unnecessary if amendment would be futile).

III.

Accordingly, we will affirm the District Court's order granting the defendants' motion to dismiss.