**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2788
_____

KATHLEEN MARY MULCAHY,
                                              Appellant

v.

LEIGH M. SKIPPER, Chief Defender; NINA C. SPIZER; ELIZABETH TOPLIN,
ASSISTANT CHIEF TRIAL UNIT; JENNIFER N. HERMAN,
ATTORNEY ADVISOR; FEDERAL COMMUNITY DEFENDER EASTERN
DISTRICT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-06049)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2022
Before:  GREENAWAY, JR., PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 3, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

        Pro se appellant Kathleen Mulcahy appeals the District Court's order granting

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

summary judgment to the Federal Community Defender Organization in this age-discrimination case. For the reasons discussed below, we will affirm.

Mulcahy began working for the Defender in 2002 as a paralegal. It appears that the troubles leading to this case began in 2016, when her role changed from preparing attorneys for parole hearings to performing a variety of trial- and appeals-related tasks. In April 2016, Mulcahy began to work on a project evaluating which of the Defender's clients could obtain relief under the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015). Defendant Nina Spizer, the chief of the trial unit, reported that she was "incredibly disappointed in [Mulcahy's] lack of commitment to the project." S.A. at A212. In a June 2016 memo to defendant Leigh Skipper, Spizer stated that "[o]ver the course of the last couple months it has become obvious that [Mulcahy] does not possess the necessary paralegal skills." Id. at A213. That memo catalogued in great detail what Spizer perceived to be Mulcahy's shortcomings. See id. at A213–14.

The Defender's dissatisfaction with Mulcahy's work continued into 2017 and 2018. In November 2017, Mulcahy was asked to prepare a database of experts the Defender had used; that project languished. See id. at A219. Attorneys repeatedly commented on Mulcahy's lack of productivity. See id. at A219–22. Mulcahy's evaluation for 2018 criticized her work on early termination motions, her misrepresentation of the position of the Probation Department in a filing, her slow progress on the expert spreadsheet, and the lack of judgment she displayed in handling client calls. See id. at A223–27. On April 23, 2019, Skipper terminated Mulcahy's employment. See id. at A237, A251.

In August 2019, Mulchay filed a charge of discrimination with the EEOC and, in September 2020, the EEOC issued a right-to-sue letter. See id. at A57. Mulcahy then filed her federal complaint. She cited a variety of federal and state laws and alleged that the Defender had fired her because of her age and had created a hostile work environment. The Defender filed a motion for summary judgment, which the District Court granted.[1] Mulcahy appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review and apply the same standard as the District Court to determine whether summary judgment was appropriate. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009).

To begin, Mulcahy's brief renders review challenging; while she clearly objects to the District Court's grant of summary judgment to the Defender, she has not meaningfully asserted any factual or legal errors in the Court's decision. A party forfeits any argument she does not raise in her opening brief, see M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020), and Mulcahy has arguably forfeited all review.

In any event, we have independently examined the District Court's decision and agree with the Court's well-reasoned analysis. Mulcahy principally claimed that the Defender had discriminated against her based on her age. In cases like this one, where

---

[1] Mulcahy also named individual attorneys from the Defender as defendants. The District Court dismissed those parties. See ECF No. 19. Mulcahy has not challenged that order in her opening brief, and we therefore will not discuss it further.

the plaintiff does not possess direct evidence of age discrimination,[2] we apply the three-part burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015). Under this test, Mulcahy bore the initial burden of establishing a prima facie case of discrimination. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003).

Assuming that Mulcahy carried that burden (which, as the District Court explained, is doubtful), the burden shifted to the Defender to "articulate some legitimate, nondiscriminatory reason" for its conduct. Id. (quoting McDonnell Douglas, 411 U.S. at 802). The Defender easily carried that burden, submitting ample evidence that Mulcahy had been fired for performance-related reasons. See, e.g., Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000); Ross v. Gilhuly, 755 F.3d 185, 193 (3d Cir. 2014).[3]

The burden then shifted back to Mulcahy show that the Defender's explanation was pretextual, which she could do by providing evidence that would allow a factfinder to either (a) "disbelieve the employer's reason for the adverse employment action"; or (b)

---

[2] Mulcahy's age-based claims require the same analysis whether evaluated under the ADEA or state law. See Martinez v. UPMC Susquehanna, 986 F.3d 261, 265 (3d Cir. 2021).

[3] Mulcahy claims that the defendants did not "authenticate" their memoranda or provide her copies during her employment. Br. at 2. Nevertheless, she acknowledged during her deposition that the defendants raised the performance issues with her during her employment, see S.A. at A431, A434–36, A442–43, A456–57, A460, A473–74, which further supports the Defender's stated reason for the termination. Mulcahy also complains about the discovery the Defender provided, but she does not explain what properly discoverable information she thinks the Defender failed to produce, and has thus provided no basis for us to set aside the District Court's denial of her motion to compel.

"believe that an invidious discriminatory reason was 'more likely than not a motivating or determinative cause' of the employer's action." Willis, 808 F.3d at 644–45 (quoting Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)). Mulcahy presented no evidence to make either showing. Her personal view that the Defender was unfair to her does not suffice to show pretext. See Sarullo, 352 F.3d at 800; see also Uhl v. Zalk Josephs Fabricators, Inc., 121 F.3d 1133, 1137 (7th Cir. 1997) ("Facts, not an employee's perceptions and feelings, are required to support a discrimination claim."). Nor do her vague and context-free allegations that, at some time, one defendant made a comment about a "hot flash" and another made a comment about "ancient history." See generally Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006). Accordingly, we discern no error in the District Court's disposition of the discrimination claim.

Likewise, the District Court correctly determined that the Defender was entitled to summary judgment on Mulcahy's claim of a hostile work environment. See Caver v. City of Trenton, 420 F.3d 243, 262 (3d Cir. 2005) (stating that offhand comments or isolated incidents typically will not show a hostile work environment claim and instead the "conduct must be extreme to amount to a change in the terms and conditions of employment" (quotation marks omitted)).[4]

Accordingly, we will affirm the District Court's judgment.

---

[4] To the extent that Mulcahy seeks to challenge any other part of the District Court's decision (which is by no means clear), we reject the argument in reliance on the reasoning of the District Court.