**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1623
_____

RICKY THOMPSON-EL,
Appellant

v.

CHRIS BASHER; ROBIN ROBERTS;
TRISH MOSES; GREATER DOVER BOYS AND GIRLS CLUB

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:18-cv-01426)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed: August 3, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ricky Thompson-El, proceeding pro se, appeals from the District Court's sua sponte dismissal of three defendants and grant of summary judgment for the remaining defendant. For the reasons that follow, we will affirm.

Thompson-El, who is over 60 years old, was fired from his job as a lifeguard at the Greater Dover Boys and Girls Club in 2017.[1] He filed suit against the Club and three Club employees, alleging discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Dkt. Nos. 1 & 8. After screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court sua sponte dismissed the three employees based on the lack of individual liability under the ADEA and otherwise dismissed the complaint without prejudice. Dkt. No. 6. Thompson-El then filed an amended complaint. Dkt. No. 8. After the Court ordered Thompson-El to respond to the Club's discovery requests and he failed to do so, the Club filed a motion for summary judgment, which the District Court granted. Dkt. Nos. 81 & 90. Thompson-El filed this timely appeal. Dkt. No. 92.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over both the District Court's sua sponte dismissal and its grant of summary judgment.[2] See

---

[1] Thompson-El filed a charge of discrimination with the Delaware Department of Labor after he was terminated and subsequently received a right-to-sue letter. Dkt. Nos. 1-1 & 12.

[2] To the extent Thompson-El attempts to appeal from an order entered after he filed his notice of appeal, C.A. Dkt. No. 9 at 2, we cannot review that order because he has not filed an amended notice of appeal.

Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020); Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

On appeal, Thompson-El argues that the District Court erred in refusing to allow his case to proceed to a jury trial. C.A. Dkt. No. 9 at 2-4. However, the District Court had the authority to dismiss the matter at any time under certain circumstances.[3] See 28 U.S.C. § 1915(e)(2)(B). The District Court also had the authority to grant summary judgment to the Club upon its motion, pursuant to Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 56. Finally, the Seventh Amendment protects the right to a jury in civil cases only where there are factual issues to be decided. See In re Peterson, 253 U.S. 300, 310 (1920). The District Court's legal determination that a claim cannot succeed does not usurp the fact-finding province of the jury and does not violate the Seventh Amendment. See Christensen v. Ward, 916 F.2d 1462, 1466 (10th Cir. 1990).

Thompson-El also asserts on appeal that the District Court erred in granting summary judgment in favor of the Club. C.A. Dkt. No. 9 at 3. However, we agree with the District Court that Thompson-El failed to establish age discrimination under the ADEA, because he presented no evidence that he was qualified to be a lifeguard or that his replacement was sufficiently younger than he. See Hill, 455 F.3d at 247. Even if he

---

[3] To the extent Thompson-El argues otherwise, the District Court correctly dismissed the individual defendants pursuant to § 1915(e)(2)(B)(ii), as only "employers" may be held liable under the ADEA, not individuals. See Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006).

had, as the District Court explained, Thompson-El set forth no facts indicating that the Club's legitimate, nondiscriminatory reason for his termination—his poor performance history—was pretext for age discrimination.  See Martinez v. UPMC Susquehanna, 986 F.3d 261, 266 (3d Cir. 2021) (applying the McDonnell Douglas burden-shifting framework to an age discrimination claim).  On appeal, Thompson-El asserts that Club employees lied about his performance, C.A. Dkt. No. 9 at 3 & 10, but he has not offered any evidence from which a reasonable factfinder could rationally find the Club's reason for his firing "unworthy of credence."  Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994).

Accordingly, we will affirm the judgment of the District Court.