**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-2986

———————

STEPHEN A. PORTER,

Appellant

v.

MERAKEY USA;
MERAKEY PENNSYLVANIA;
MERAKEY PHILADELPHIA;
MERAKEY PARKSIDE RECOVERY

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-20-cv-02617)
District Judge: Hon. J. Curtis Joyner

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 22, 2023

Before: RESTREPO, McKEE, and RENDELL, *Circuit Judges*

(Opinion filed: July 30, 2024)

———————

OPINION*

———————

McKee, *Circuit Judge*.

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stephen Porter appeals the District Court's grant of summary judgment to Merakey Parkside Recovery on Porter's suit for disability and age discrimination. The Court ruled that Porter failed to establish a prima facie case for both disability and age discrimination claims. For the reasons that follow, we will reverse and remand to the District Court for further proceedings.[1]

## I.

Porter suffered an injury that caused him to walk with a limp and requires him to extend his leg when seated. Eight years after that injury, when he was 66 years old, Porter applied for one of Merakey's open positions. Porter satisfied the minimum experiential and educational requirements for the position and was selected for an interview.[2] Throughout the interview, Porter noticed the interviewers appeared bothered by his outstretched leg.

---

[1] We review whether the District Court erred in dismissing Porter's disability and age discrimination claims and granting summary judgment to Merakey. The standard of review of a grant of summary judgment by the District Court is de novo. *H.K. Porter Co. v. Pa. Ins. Guar. Ass'n.*, 75 F.3d 137, 140 (3d Cir. 1996). The facts must be reviewed in the light most favorable to the non-moving party, and if there is a dispute about a material fact that is "genuine," whereby "the evidence is such that a reasonable jury could return a verdict for the [nonmovant]" then summary judgment cannot be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[2] Porter has a bachelor's and a master's degree in mental health and more than 15 years of healthcare experience at North Philadelphia Health Systems, where he cared for individuals with addiction as a Behavioral Health Specialist for approximately 5 years. Additionally, for 7 years, he worked as a Clinical Supervisor, supervising 7 to 8 counselors. Despite there being multiple versions of Porter's resume in the record, neither party contests that the March 2019 resume was used during Porter's job selection. J.A. 521-22.

Merakey rejected Porter for the position, hiring instead two younger candidates who, unlike Porter, had not met the position's minimum requirements for education and experience. Porter thereafter filed a final charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Merakey informed the EEOC investigator that "Mr. Porter was interviewed [. . .] for a [Drug and Alcohol Counselor] position. No one was hired for that position, and it was closed out."[3] Following this statement, the EEOC issued a notice of dismissal and right to sue. Porter filed suit alleging Merakey violated the ADA, ADEA, and state law when they rejected him. The District Court granted summary judgment to Merakey and dismissed the suit. This appeal followed.[4]

## II.

The District Court erred in dismissing Porter's claims. First, the Court considered Porter's disability claim under the wrong legal standard, relying on an outdated definition of "disability" that had been annulled by the ADA Amendments Act of 2008 ("ADAAA"). The Court also misapplied the standard for establishing an employer's knowledge of age for an age discrimination claim. Additionally, the Court incorrectly concluded that there were no genuine issues of fact regarding pretextual reasons for not hiring Porter.

---

[3] J.A. 458.

[4] We have jurisdiction over this appeal from the District Court's final order pursuant to 28 U.S.C. § 1291.

3

A. ADA Claim

The District Court relied upon a definition of "disability" that was abrogated by the ADAAA in concluding that Porter could not satisfy the ADA's definition of disability.[5] The Court's reasoning was based on Porter's failure to provide evidence that (1) his leg injury is "substantially limiting" and (2) Merakey regarded him as disabled.

Despite the Court's recognition of Porter's assertions that "to this day, [he] has trouble balancing, walking, navigating stairs, kneeling, bending, and lifting," the Court found Porter had "not established that he suffers an impairment that substantially limits a major life activity – walking and/or standing"[6] because of the absence of medical records supporting Porter's disability status. However, medical testimony is not necessary to establish that a condition is substantially limiting.[7] Additionally, the Court overlooked the fact that discrimination claims can arise from temporary disabilities under the ADAAA.[8]

---

[5] The ADA considers both actual and "regarded-as" disability discrimination claims. 42 U.S.C. § 12102(1)(A), (C). Congress broadened the definition of disability in the ADAAA to offer broader coverage for individuals. *Id.* § 12102(4)(A). The District Court overlooked this important development and found that Porter was not disabled on the erroneous basis that only permanent (non-temporary) and substantially limiting disabilities qualify for protected status. *See* J.A. 17-19.

[6] J.A. 17.

[7] 29 C.F.R. § 1630.2(j)(1)(v) ("The comparison of an individual's performance of a major life activity to the performance of the same major life activity by most people in the general population usually will not require scientific, medical, or statistical analysis.").

[8] 29 C.F.R. § 1630.2(j)(1)(ix) ("The effects of an impairment lasting or expected to last fewer than six months can be substantially limiting within the meaning of [disability]."); This Court and several circuits have held that temporary conditions may qualify as a disability. *See, e.g.*, *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 167-68 (3d Cir. 2015); *Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1224-25 (9th Cir. 2022);

As to Porter's "regarded-as" disability claim, the Court found that Porter failed to provide evidence demonstrating that Merakey considered Porter disabled. But Porter alleged that one of the interviewers constantly "looked at his leg" while Porter was seated, and the other "had his mouth wide open as he watched" Porter walk into the interview.[9] Considering the entirety of Porter's testimony and recognizing that a reasonable jury could find Porter disabled, it is plausible that Merakey regarded Porter as disabled.[10]

## B. ADEA Claim

The Court rejected Porter's ADEA claim because it determined that the record lacked evidence to support that Merakey had "actual knowledge" of Porter's age. However, the Court inaccurately narrowed the standard for establishing an employer's "knowledge" for an age discrimination claim.[11] The Court ignored the fact that, based on

---

*Hamilton v. Westchester Cnty.*, 3 F.4th 86, 92 (2d Cir. 2021); *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 330 (4th Cir. 2014); *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1173 (7th Cir. 2013).

[9] J.A. 20.

[10] *See e.g., Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 435-36 (3d Cir. 2009) (finding jury could find plaintiff satisfied "regarded-as" definition based on evidence that employer perceived plaintiff as having a disability, whether accurate or not, and found her unfit for any job in the defendant's restructured workforce because of that perception).

[11] To establish a *prima facie* case under the ADEA requires a plaintiff to show that: (1) he was part of the protected class; (2) he applied for and was qualified for the job; (3) he was rejected for the position; and (4) the employer filled the position with someone sufficiently younger to permit an inference of age discrimination. *Fowle v. C & C Cola*, 868 F.2d 59, 61 (3d. Cir. 1989). There is no requirement under the ADEA that there be actual knowledge or direct evidence of the claimant's age. *See Martinez v. UPMC Susquehanna*, 986 F.3d 261, 267 (3d Cir. 2021).

direct or indirect inference, Merakey knew of Porter's age from circumstantial evidence and may have discriminated against him because of his age.[12]

Merakey could have inferred Porter's age from both his appearance and the year of his college graduation, which was on his resume.[13] That is sufficient to create a material dispute as to Merakey's knowledge of Porter's age. Furthermore, the Court overlooked the fact that the interviewers hired individuals with inferior qualifications. That would also give rise to a factual dispute as to whether Porter was rejected due to his age.

## C. Issues of Fact as to Pretext

Porter raised an issue of pretext by establishing his objectively superior qualifications for the position compared to the two hired candidates.[14] One candidate lacked the minimum education requirement, and neither had the necessary work experience. Even if these candidates met the minimum requirements, the difference in qualifications between them and Porter creates a factual dispute that a reasonable jury could find indicative of pretext.[15]

---

[12] Inference is enough to determine whether an employer knew of a potential hire's age. *See e.g.*, *Martinez*, 986 F.3d at 267 (concluding on motion to dismiss that the age difference between plaintiff and replacement could be inferred from circumstantial evidence).

[13] *See Sarullo v. U.S. Postal Service*, 352 F.3d 789, 799 (3d Cir. 2003) (per curiam) (recognizing that "an employee's physical appearance might suggest that he/she is more than forty years of age" and so may suffice for knowledge of the plaintiff's age).

[14] *See Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006) (deciding that if plaintiff presents evidence of superior qualifications this "may suffice . . . to show pretext").

[15] *Cf.* 365 F. App'x at 405 (finding "that the differences between [plaintiff] and [the hired candidate] were not so disparate that a reasonable factfinder could rationally conclude that [plaintiff] was clearly the better candidate for the job").

Moreover, the fact that Merakey inaccurately told the EEOC that no one was hired for one of the positions Parker interviewed for cannot be ignored.[16] Merakey hired two younger individuals without obvious disabilities over Porter.[17] There is no explanation for this misstatement or for the fact that the District Court ignored it. However, the misstatement, together with Porter's superior qualifications, raises issues of fact relating to pretext.

## III.

For the foregoing reasons, we reverse and remand the case to the District Court for further proceedings on Porter's employment discrimination claims.

---

[16] "Mr. Porter was interviewed [. . .] for a Fee for Service Counselor/Therapist position. No one was hired for that position, and it was closed out." J.A. 458.

[17] The email rejecting Porter for the position, sent on August 23, 2019, mentioned "[the] position has been filled." J.A. 455. *See e.g., Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 281 (3d Cir. 1998) (concluding employer's inconsistency between their reasons for an employment decision presented to EEOC and evidence presented at trial is sufficient for jury to find pretext).