# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1419

CHERYL PEEBLES,
Appellant

v.

CHAIN IQ AMERICAS INC

———————————————

Appeal from U.S. District Court for the Eastern District of Pennsylvania
Judge Cynthia M. Rufe, No. 2:23-cv-02100

Before: BIBAS, PORTER, and BOVE, *Circuit Judges*
Submitted Jan. 30, 2026; Decided Feb. 3, 2026

———————————————

NONPRECEDENTIAL OPINION[*]

BOVE, *Circuit Judge*.    Plaintiff Cheryl Peebles appeals the dismissal of her wrongful-termination claims alleging racial discrimination under Title VII and 42 U.S.C. § 1981, and her cause of action under Pennsylvania's Criminal History Record Information Act.  The District Court concluded that Plaintiff's factual allegations were insufficient to support these claims.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

**I.**

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. We accept all of Plaintiff's allegations as true for purposes of this appeal. *See, e.g.*, *United States v. Safehouse*, 146 F.4th 315, 319 (3d Cir. 2025).[1]

Plaintiff is an African-American woman who worked at Defendant Chain IQ Americas, Inc. between July 2022 and January 2023. Prior to beginning work, an employee from Chain IQ's human resources department advised Plaintiff that she was cleared to start based on a pre-employment background check. Chain IQ assigned Plaintiff to work on UBS matters. In November 2022, a different human resources employee informed Plaintiff that she was "off the UBS account because there were allegedly 'flags' on her pre-employment background check." A 20. The next month, Chain IQ's CEO told Plaintiff that her work was "excellent," but that Plaintiff could not work for Chain IQ due to the "alleged failure to pass the pre-employment background check Plaintiff had already been advised she had passed." A 20 (emphasis omitted). Plaintiff continued to do work on UBS matters following that conversation, but Chain IQ terminated her employment in January 2023.

**II.**

The District Court had jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and the court exercised supplemental jurisdiction to resolve the state law claim

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

under 28 U.S.C. § 1367.  We have jurisdiction under 28 U.S.C § 1291.  "We exercise plenary review of a District Court's order dismissing a party's claims under Rule 12(b)(6)." *Safehouse*, 146 F.4th at 319.

### III.

Plaintiff's allegations of racial discrimination were insufficient to defeat Chain IQ's motion to dismiss her federal claims.

Plaintiff correctly points out that the judicially crafted burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) is "an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *see also Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 319-25 (2025) (Thomas, J., concurring).  Thus, our starting point is the federal statutes that established these causes of action.  Plaintiff's § 1981 claim required allegations sufficient to support an inference "that race was a but-for cause of [her] injury." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 333 (2020).  Similarly, the ultimate question for Plaintiff's Title VII claim was whether she was terminated "because of" her race.  42 U.S.C. § 2000e-2(a)(1).

"A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue." *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).  Plaintiff used the language of Title VII in the operative pleading, but she did not present factual allegations that plausibly support the legal conclusions that Title VII and § 1981 ultimately require.  After the District Court provided an opportunity to amend and supplement the

allegations, Plaintiff alleged in the Second Amended Complaint, in essence, that Chain IQ terminated her after the company changed its position regarding the results of her background check. But Plaintiff failed to present factual allegations linking Chain IQ's termination decision to Plaintiff's race. *See Martinez*, 986 F.3d at 265 ("The [alleged] facts must be more than merely consistent with a defendant's liability."). More was required to warrant discovery on these claims.

## IV.

Plaintiff's claim under Pennsylvania's Criminal History Record Information Act was likewise defective.

The Act requires an employer to "notify in writing the applicant if the decision not to hire the applicant is based in whole or in part on criminal history record information." 18 Pa. Cons. Stat. § 9125(c); *see also id.* § 9183(b) (providing money-damages claims for aggrieved applicants); *Phath v. Cent. Transp. LLC*, --- F.4th ----, 2026 WL 219842, at *1 (3d Cir. 2026). Plaintiff alleged that she "worked for" Chain IQ for almost six months and was "involuntarily terminated on January 10, 2023." A 19. Thus, Plaintiff's allegations about the use of criminal history information related to Chain IQ's termination decision rather than a "decision not to hire." 18 Pa. Cons. Stat. § 9125(c).

We are unaware of any case from Pennsylvania's courts suggesting that such an allegation is sufficient under the Act. We need not address the persuasive value, if any, of the lone district court case cited by Plaintiff because the former employee in that case alleged that he was "temporarily hired," "subject to the results of a pending background check." *Negron v. Sch. Dist. of Phila.*, 994 F. Supp. 2d 663, 665 (E.D. Pa. 2014). As the

4

District Court noted here, the allegations in *Negron* were meaningfully different from Plaintiff's theory. *See Peebles v. Chain IQ Americas, Inc.*, 737 F. Supp. 3d 285, 290 (E.D. Pa. 2024). And the *Negron* court had already "held," as we do today, that the Act "applies only to hiring decisions." *Id.* Because the text of § 9125(c) says nothing about firings, Plaintiff failed to state a claim under the Act.

## V.

Plaintiff's allegations did not "raise a reasonable expectation that discovery will reveal evidence of the necessary elements" of her three claims. *Connelly*, 809 F.3d at 789. Accordingly, we will affirm the District Court's dismissal of the Second Amended Complaint.