**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3317
_____

FRANK T. BRZOZOWSKI,
                    Appellant

v.

PENNSYLVANIA TURNPIKE COMMISSION; GOVERNOR OF PENNSYLVANIA,
IN HIS OFFICIAL CAPACITY AS GOVERNOR OF PENNSYLVANIA AND HIS
SUCCESSORS IN OFFICE; PENNSYLVANIA TURNPIKE COMMISSIONERS,
INDIVIDUALLY AND AS AGENTS AND EMPLOYERS OF THE PTC; WILLIAM
K. LIEBERMAN, CHAIRMAN; A. MICHAEL PRATT, ESQUIRE, VICE
CHAIRMAN; PASQUALE T. DEON, SR., SECRETARY TREASURER; SEAN
LOGAN, COMMISSIONER; BARRY J. SCHOCH, P.E. SECRETARY OF
TRANSPORTATION; PATRICIA SCHLEGEL, INDIVIDUALLY AND AS AGENT
AND EMPLOYEE; JUDY TREASTER, INDIVIDUALLY AND AS AGENT AND
EMPLOYEE; DOROTHY ROSS, INDIVIDUALLY AND AS AGENT AND
EMPLOYEE; PATRICK CARO, INDIVIDUALLY AND AS AGENT AND
EMPLOYEE; JILL DAVIS, INDIVIDUALLY AND AS AGENT AND EMPLOYEE;
DAVID SMITH, INDIVIDUALLY AND AS AGENT AND EMPLOYEE;
LYNN FEEMAN, INDIVIDUALLY AND AS AGENT AND EMPLOYEE;
TROOP T OF THE PENNSYLVANIA STATE POLICE; CPL. SHAWN
KERNAGHAN, BOWMANSVILLE PSP OFFICE, (LANCASTER COUNTY)
INDIVIDUALLY AND AS AGENT AND EMPLOYEE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:15-cv-02339)
District Judge: Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2023

Before:  JORDAN, GREENAWAY, JR., and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 12, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

Pro se Appellant Frank Brzozowski appeals from the District Court's judgment in this civil rights and employment discrimination action.  For the reasons set forth below, we will affirm.

I.

In 2015, Brzozowski initiated this action in the District Court, raising two distinct sets of claims against two sets of defendants.  First, Brzozowski raised claims of false arrest, malicious prosecution, and fabrication of evidence under 42 U.S.C. § 1983 against Pennsylvania state police corporal Shawn Kernaghan, Pennsylvania State Police "Troop T," and former Pennsylvania Governor Thomas Corbett (the "law enforcement defendants"), related to Kernaghan's stop of Brzozowski's vehicle and the subsequent issuance of a citation.  Second, Brzozowski, a white male of Polish descent then in his fifties, asserted claims of discrimination based on gender, age, and national origin against

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

his former employer, the Pennsylvania Turnpike Commission ("PTC"), and various PTC employees.

After all defendants moved to dismiss Brzozowski's complaint, the District Court entered an order dismissing Brzozowski's claims against the law enforcement defendants and the individual PTC employees with prejudice and dismissing Brzozowski's claims against the PTC with leave to amend. Brzozowski then filed an amended complaint, raising largely the same claims as his initial complaint and adding several others, including claims that the PTC defendants retaliated against him for his political affiliation and whistleblowing activity. The defendants moved to dismiss the amended complaint, and when Brzozowski failed to file a response, the District Court granted the defendants' motion as unopposed. Brzozowski appealed the dismissal of both his initial and amended complaint. On appeal, we affirmed the District Court's order dismissing the initial complaint in part with one modification but vacated the order dismissing the amended complaint and remanded for further proceedings. See Brzozowski v. Pa. Turnpike Comm'n, 738 F. App'x 731, 733-35 (3d Cir. 2018) (per curiam).[1]

On remand, the District Court dismissed a number of Brzozowski's claims in his amended complaint with prejudice but afforded him leave to amend certain claims

---

[1] We vacated the District Court's order based on its failure to consider the factors set out in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), before dismissing the amended complaint as unopposed. See Brzozowski, 738 F. App'x at 734. We did not consider the merits of the claims in Brzozowski's amended complaint.

against the PTC and employees Dorothy Ross and Patricia Schlegel. Brzozowski later filed his second amended complaint, raising claims of retaliation in violation of the First Amendment; discrimination based on his Polish national origin, sex, and age; quantum meruit; and unjust enrichment. The defendants filed a motion to dismiss the second amended complaint, which the District Court granted in part, dismissing all claims except for those of age and sex discrimination against the PTC related to the failure to hire Brzozowski for an IT Executive Assistant position.

The case proceeded to discovery, after which the PTC filed a motion for summary judgment, which Brzozowski, through counsel, opposed. The District Court granted the PTC's motion, concluding that Brzozowski failed to make out a prima facie case of age or sex discrimination and that, even if he did, he did not create a genuine issue of material fact demonstrating that the PTC's legitimate reasons for its actions were pretext for discrimination. Brzozowski timely appealed pro se.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over decisions granting motions to dismiss and motions for summary judgment. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012); Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). In reviewing dismissal under Rule 12(b)(6), we must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. See Fleisher, 679 F.3d at 120. Summary judgment

4

is appropriate if, viewing the evidence in the light most favorable to the non-moving party, "there is 'no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law.'" Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010) (citation omitted). "[U]nless there is sufficient evidence for a jury to reasonably find for the nonmovant," summary judgment should be granted. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011).

## III.

Brzozowski challenges the District Court's dismissal of various claims at the pleading stage in addition to the District Court's order granting summary judgment to the defendants on Brzozowski's remaining claims of age and sex discrimination. We agree with the District Court's disposition of Brzozowski's claims.

### A.    Dismissed Claims

Brzozowski first argues that this Court should order the District Court to "reinstate" his claims for malicious prosecution and fabrication of evidence against the law enforcement defendants. We previously affirmed the District Court's dismissal of these claims against defendant Kernaghan in his personal capacity but modified the dismissal to be without prejudice, noting that because the claims necessarily imply the invalidity of Brzozowski's traffic conviction, they will not accrue unless the conviction is invalidated. See Brzozowski, 738 F. App'x at 734.[2] Brzozowski now argues that we

---

[2] We otherwise "affirm[ed] the District Court's dismissal of Brzozowski's initial

5

should reinstate these claims because a copy of his driving record obtained in February 2019 no longer reflects a conviction. Insofar as this amounts to an allegation that the traffic conviction has been invalidated and that his claims have accordingly accrued, see Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), he did not raise these allegations in his second amended complaint. When Brzozowski raised the issue in a reply to the defendants' motion to dismiss, the District Court noted that he could move for leave to file a third amended complaint to plead these claims, but he did not do so. As it is not for us to determine in the first instance on appeal whether Brzozowski's claims against Kernaghan have accrued, cf. Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013), we decline his request to reinstate them.

Brzozowski also appears to challenge the District Court's dismissal of his claim that the PTC and several employees retaliated against him for objecting to unfair bid practices, assisting minorities in his capacity as an Executive Assistant in the Office of Diversity and Inclusion ("ODI"), and for his political affiliation. We agree with the District Court, however, that Brzozowski failed to plead a sufficient nexus between any

---

complaint for the reasons it explained," including its conclusion that Brzozowski's claims against Troop T and Governor Corbett, as well as his claims against Kernaghan in his official capacity, were barred by the Eleventh Amendment and, with respect to Governor Corbett, because there is no respondeat superior liability under § 1983. See Brzozowski, 738 F. App'x at 732, 734; see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 120-21 (1984) (discussing Eleventh Amendment immunity); Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (reasoning that § 1983 liability cannot be predicated on a respondeat superior theory).

allegedly protected activity and an adverse employment action. See Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006) (describing elements of retaliation claim under the First Amendment). Brzozowski made general allegations of favoritism towards politically connected Republicans and speculated that the ODI was disliked within the PTC and that he was retaliated against and treated unfairly because of his role within that office. His allegations regarding the reporting of purportedly unfair bid practices were similarly vague. Such contentions fall short of stating a plausible retaliation claim. Cf. James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (observing that we may "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements").[3]

Brzozowski also appears to challenge the dismissal of claims that he was not hired for positions in the PTC's legal department because of his age, sex, and national origin, in

---

[3] Relatedly, Brzozowski contends that he should have been allowed to conduct pre-pleading discovery in order to properly plead claims that defendants conspired to violate his "civil right to work" and state whistleblower law. See Appellant's Br. at 18-19, 21. But Brzozowski was not entitled to discovery on these claims, as he had not cured the legal insufficiency of his complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery."); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."). Moreover, the District Court dismissed Brzozowski's whistleblower claim on statute-of-limitations grounds, but Brzozowski has not raised any arguments on appeal to challenge that ruling and has thus forfeited the issue. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

violation of federal and state anti-discrimination laws.[4] Specifically, he has alleged that younger women were hired to positions that he did not have the opportunity to apply for and that most positions in the legal department were held by people with Irish last names rather than individuals of Polish descent. However, Brzozowski has also acknowledged that the positions at issue were confidential and were not posted in accordance with internal policy. We accordingly agree with the District Court that Brzozowski's allegations fail to give rise to an inference of discrimination, as there is no plausible indication that his inability to apply to these positions was based on his age, sex, or national origin (as opposed to the confidentiality of the postings). Likewise, Brzozowski's vague allegations regarding Irish American employees in the legal department do not, without more, give rise to a plausible inference of discrimination. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 798 (3d Cir. 2003) (per curiam) ("The central focus of the *prima facie* case is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin." (citation and internal quotation marks omitted)).[5]

---

[4] The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to refuse to hire, discharge, or otherwise discriminate against an employee based on age, see 29 U.S.C. § 623(a), while Title VII prohibits the same with respect to, inter alia, gender and national origin, see 42 U.S.C. § 2000e-2(a). Likewise, the Pennsylvania Human Relations Act ("PHRA") prohibits discrimination based on both age and gender, among other things, and is interpreted in accordance with its federal counterparts. See Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

[5] To the extent that Brzozowski's arguments that certain individual PTC employees

Accordingly, we agree with the District Court's decision to dismiss the aforementioned claims at the pleading stage.[6]

B.    Summary Judgment

The District Court also properly granted the PTC's motion for summary judgment with respect to Brzozowski's claims that he was denied a position as an IT Executive Assistant and terminated by the PTC because of his age and sex.[7]  Specifically, even if Brzozowski made a prima facie case of discrimination under the anti-discrimination statutes, we agree with the District Court that the PTC demonstrated legitimate, non-discriminatory reasons for its actions.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973) (describing burden-shifting framework for Title VII discrimination claims); Martinez v. UPMC Susquehanna, 986 F.3d 261, 265 (3d Cir. 2021) (applying McDonnell Douglas framework to age discrimination claim).  As the District Court

---

fabricated allegations of misconduct against him and unfairly administered a word typing test can be construed as a contention that these employees violated Title VII or the ADEA, the District Court properly concluded that neither statute imposes liability on individual employees.  See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc); Hill, 455 F.3d at 246 n.29.

[6] Moreover, as Brzozowski does not raise arguments pertaining to the District Court's analysis of his state-law claims for unjust enrichment and quantum meruit in his opening brief, those claims have been forfeited.  See M.S. ex rel. Hall, 969 F.3d at 124 n.2.

[7] While the District Court initially allowed only Brzozowski's claims that he was not hired as an IT Executive Assistant because of his age and gender to proceed to discovery, it ultimately also considered the related issue of whether Brzozowski was terminated for discriminatory reasons in deciding the PTC's motion for summary judgment.

9

recognized, the record demonstrates that Brzozowski was terminated for violating multiple workplace policies while his application for the IT position was still being considered. Namely, the PTC provided evidence that, following an investigation, Brzozowski was terminated for using PTC property for lodging purposes, making excessive personal use of PTC computer systems, and acting in an intimidating manner towards defendant Ross during a Microsoft Excel test Brzozowski attended as part of an interview process.

Brzozowski devotes much of his brief to attempting to refute that he violated workplace policies and contending that the behavior for which he was terminated was justified. "To discredit the employer's proffered reason[s], however, the plaintiff cannot simply show that the employer's decision was wrong or mistaken." Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994). The issue is therefore not whether the misconduct allegations against Brzozowski "were substantiated or valid, or whether [the PTC] was remiss to rely upon" them, but rather whether the PTC believed the allegations "to be accurate and actually relied upon them." Id. at 766-67; see also Pulczinski v. Trinity Structural Towers, Inc., 691 F.3d 996, 1003 (8th Cir. 2012) ("To prove that the employer's explanation was false, the employee must show the employer did not truly believe that the employee violated company rules."). Brzozowski has provided no evidence to suggest that the PTC did not truly believe that he violated the policies at issue, nor has he pointed to evidence that the decisions to terminate him and not to rehire

10

him for the IT position were actually based on his age or sex. See Fuentes, 32 F.3d at 763 (noting that a plaintiff must demonstrate "*both* that the reason was false, *and* that discrimination was the real reason" for the employer's action (citation and internal quotation marks omitted)); see also Uhl v. Zalk Josephs Fabricators, Inc., 121 F.3d 1133, 1137 (7th Cir. 1997) ("Facts, not an employee's perceptions and feelings, are required to support a discrimination claim."). Thus, the District Court properly granted the PTC's motion for summary judgment.[8]

Accordingly, we will affirm the judgment of the District Court.[9]

---

[8] We have considered the remaining arguments raised in Brzozowski's opening brief and various other filings and conclude that they lack merit.

[9] Brzozowski's motions to enlarge the record are denied. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) ("This Court has said on numerous occasions that it cannot consider material on appeal that is outside of the district court record."). Brzozowski essentially contends that he should be permitted to add to the record and file supplemental responses to affidavits and motions filed by the PTC below because the attorney who represented him in summary judgment proceedings was ineffective, but "[t]he general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial." Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006); see also Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404, 408 (3d Cir. 1980). Brzozowski's motion to strike the PTC's response to one of his motions to enlarge the record is also denied. To the extent that Brzozowski's filings request any other relief, it is denied.